UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HAYES, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MAGNACHIP SEMICONDUCTOR CORP., et al.,<br><br>    Defendants. | Case No.  14-cv-01160-JST<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR ORDER ENLARGING TIME**<br><br>Re: ECF No. 75 |

Before the Court is a motion for an order enlarging time filed by Defendant MagnaChip Semiconductor Corporation ("MagnaChip"). ECF No. 75. Defendants Avenue Capital Management II, L.P., Randal Klein, and Michael Elkins have joined the motion. ECF No. 77. Lead Plaintiff Keith Thomas opposes the motion. ECF No. 79. For the reasons set forth below, the Court will grant the motion.

MagnaChip seeks an order adjourning the May 15, 2015, deadline to respond to the Second Amended Complaint ("SAC") until after this Court has resolved the various uncertainties raised by the filing of a related case, Oklahoma Police Pension and Retirement System v. MagnaChip Semiconductor Corporation, Case No. 3:15-cv-01797, including questions regarding which complaint is the operative complaint and the status of lead counsel. ECF No. 75. MagnaChip argues that if the May 15, 2015, deadline is not adjourned, Defendants will be forced to brief duplicative motions to dismiss, at least one of which might become moot in the event of consolidation. Id. at 3-4. It contends that this would serve neither judicial nor party economy, and would create both an undue burden for Defendants and a risk of inconsistent rulings. Id. at 4. In addition, MagnaChip suggests that any disputes regarding Lead Plaintiff status will impair effective communication between Defendants and Plaintiffs' counsel. Id.

"Lead Counsel respects that Defendants should not be compelled to respond to serial

complaints that raise identical issues," but Plaintiff nevertheless argues that the Oklahoma Police case is no reason to further postpone Defendants' deadline to respond to the pleadings in this action. ECF No. 79 at 7. He argues that it would be more efficient and equitable to require Defendants to respond to the claims asserted in the SAC now, and then address the new Oklahoma Police claims separately. Id.

The Court will grant Defendants' motion. Plaintiff's motion to coordinate and partially consolidate this action and the related Oklahoma Police action is set for hearing on June 11, 2015. The burden that will fall on Defendants if they are required to respond to the SAC now, while the question of consolidation is unsettled, exceeds any prejudice to Plaintiff caused by adjourning the deadline for a few weeks pending the resolution of Plaintiff's motion to coordinate and partially consolidate this action with the related Oklahoma Police action.

Accordingly, Defendants' May 15, 2015, deadline to answer or otherwise respond to the Second Amended Complaint is adjourned.

If this Court subsequently consolidates this action and the Oklahoma Police action, within fourteen days after the entry of an order declining to permit a new notice period or, if a new notice period is permitted, an order appointing Lead Plaintiff, Plaintiffs shall either (a) serve and file an amended or consolidated class action complaint that shall function as the operative complaint in this action and in any related consolidated action; or (b) notify counsel for Defendants that the SAC shall remain the operative complaint in this action. Defendants shall have thirty days after such service or notification to answer or otherwise respond to the designated operative complaint. If any Defendant files a motion to dismiss that operative complaint, Plaintiffs shall have sixty days to respond to the motion(s), and defendants shall have thirty days to file their reply brief(s).

If this Court subsequently denies consolidation of this action and the Oklahoma Police action, within twenty-one days of the entry of such an order, Defendants shall answer or otherwise respond to the SAC. If any Defendant files a motion to dismiss that operative complaint, Plaintiffs

/ / /

/ / /

/ / /

1  shall have sixty days to respond to the motion(s), and Defendants shall have thirty days to file
2  their reply brief(s).
3       IT IS SO ORDERED.
4  Dated: May 7, 2015



JON S. TIGAR
United States District Judge