UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MAGNACHIP SEMICONDUCTOR CORP., et al.,<br><br>    Defendants. | Case No. 14-cv-01160-JST<br><br>**ORDER RE MOTION TO COORDINATE AND PARTIALLY CONSOLIDATE A RELATED ACTION**<br><br>Re: ECF No. 78 |

Before the Court is Lead Plaintiff Keith Thomas's Motion to Coordinate and Partially Consolidate a Related Action. ECF No. 78. For the reasons set forth below, the Court will consolidate this action with related case <u>Oklahoma Police Pension and Retirement System v. MagnaChip Semiconductor Corporation, et al.</u>, 3:15-cv-01797-JST.[1]

**I.    BACKGROUND**

In this securities class action, Plaintiffs allege that MagnaChip Semiconductor Corporation ("MagnaChip") violated federal securities laws by engaging in a "massive fraud on investors" involving false and misleading financial statements during the period between February 1, 2012, and February 12, 2015. ECF No. 79 at 1; Second Amended Complaint ("SAC"), ECF No. 70 ¶¶ 1, 3. This fraud was allegedly "so vast that the Company had to restate results for 2011 and 2012, and the first nine months of 2013, resulting in a total reversal of earnings by $142 million, wiping out 55% of its reported profits for those periods." SAC ¶ 3.

The initial complaint was filed on March 12, 2014, and Plaintiff Richard Hayes promptly

---

[1] On June 10, 2015, the Court issued a tentative ruling regarding Thomas' motion. ECF No. 103. Following the June 11, 2015 motion hearing, ECF No. 105, the Court reviewed new authorities cited by the parties at that hearing, as well as the letter submitted today by Lead Plaintiff Keith Thomas in response. Because the Court's review of these materials leaves the Court convinced that its tentative order was correct, this order is in substantially the same form as the tentative one.

caused to be published a notice advising members of the purported class of the pendency of the action. ECF Nos. 1, 8; see 15 U.S.C. § 78u-4(a)(3)(A). On May 12, 2014, Keith Thomas filed a motion for appointment as Lead Plaintiff, which the Court granted on July 3, 2014. ECF Nos. 13, 32. After the filing of an Amended Complaint, ECF Nos. 37, 38, the Court granted two stipulations extending Defendants' time to respond in order to permit Plaintiffs to further amend their complaint following MagnaChip's anticipated filing of its financial restatements. ECF Nos. 48, 68. MagnaChip issued the restated results on February 12, 2015, and Plaintiffs filed their Second Amended Complaint ("SAC") on March 16, 2015. SAC ¶ 103. The SAC alleges claims under sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), 78t(a), 78t-1, and Rule 10b-5 promulgated thereunder by the Securities Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5. SAC ¶¶ 178-231.

The Oklahoma Police Pension and Retirement System (the "Retirement System") filed a separate class action complaint on April 21, 2015, and identified Thomas as a related case. See Case No. 15-cv-01797, ECF Nos. 1 ("Okla. Police Compl."), 1-2 (civil cover sheet). The Oklahoma Police complaint alleges that between February 1, 2012, and February 12, 2015, MagnaChip issued materially false and misleading statements and failed to disclose the inadequacy of its internal controls and procedures, leading MagnaChip securities to be traded at artificially inflated prices and ultimately causing economic harm and damages to investors. Okla. Police Compl. ¶¶ 1, 3, 11. In addition to Exchange Act claims alleged in Thomas, the Oklahoma Police complaint alleges claims under sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k, 77l(a)(2), 77o. Okla. Police Compl. ¶¶ 82-109. It also names several additional "Underwriter Defendants." Id. ¶ 28. The Court granted MagnaChip's motion to relate the cases on May 4, 2015. ECF No. 80.

Now before the Court is Lead Plaintiff Keith Thomas's Motion to Coordinate and Partially Consolidate a Related Action. ECF No. 78.

**II.     DISCUSSION**

    **A.     Consolidation**

Under Rule 42(a) of the Federal Rules of Civil Procedure, "If actions before the court

involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." A district court has "broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. U.S. Dist. Court for the Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989). In deciding whether to consolidate cases, "the Court should weigh the interest of judicial convenience against the potential for delay, confusion, and prejudice." Zhu v. UCBH Holdings, Inc., 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010). "Courts have recognized that securities class actions are particularly suited to consolidation to help expedite pretrial proceedings, reduce case duplication, avoid the involvement of parties and witnesses in multiple proceedings, and minimize the expenditure of time and money by everyone involved." In re Century Aluminum Co. Sec. Litig., Nos. 09-cv-1001-SI, 09-1205-SI, 09-cv-1103-SI, 09-cv-1162-SI, 2009 WL 2905962, at *2 (N.D. Cal. Sept. 8, 2009).

Lead Plaintiff Keith Thomas seeks an order coordinating and partially consolidating the Thomas and Oklahoma Police actions. ECF No. 78. He originally proposed that the two cases should be consolidated under the existing leadership structure in Thomas, except with respect to the Securities Act claims unique to the Oklahoma Police action, which he suggested could be cabined off and separately litigated. ECF No. 79, at 1, 2. On reply, however, he agrees that the Securities Act claims could be incorporated into a combined Third Amended Complaint, as long as the Retirement System is responsible for prosecuting those claims. ECF No. 99 at 1.

Defendants request that the two actions be consolidated in their entirety for all purposes, because they "are premised on the same facts, share the same putative class, and assert the same core Exchange Act claims," and because the claims that are not common to both actions "share a common factual basis." ECF No. 89 at 1-2; ECF No. 91.

The Retirement System "generally agrees that its complaint is related to the [Thomas] case and, at the proper time may be consolidated therewith," but argues that consolidation is premature before the deadline for lead plaintiff motions in Oklahoma Police expires on June 22, 2015, because it would preclude qualified movants from seeking to serve as lead plaintiff. ECF No. 86 at 2-3, 6. The Retirement System contends that because the SAC in Thomas extends far beyond

3

the original class and claims for which Thomas was appointed to serve as lead plaintiff, the class members are entitled to notice of the expanded action. Id. at 5. Lead Plaintiff Thomas responds that there is no need to reopen the question of lead plaintiff because the Retirement System's transactions were all covered by the initial notice in Thomas, and the Private Securities Litigation Reform Act ("PSLRA") required the Retirement System to come forward as a potential lead plaintiff at that time. ECF No. 99 at 1.

The Court will consolidate these related actions in the interest of judicial efficiency. The cases share common questions of fact because they are each centered on MagnaChip's restatement of its financial results for 2011, 2012, and the first nine months of 2013. They also share Exchange Act claims. While the Securities Act claims are unique to the Oklahoma Police action, all of the claims revolve around whether MagnaChip materially misrepresented its financial condition, and the Court concludes that severance of the Securities Act claims would impair judicial efficiency. Accordingly, the Court will consolidate the Thomas and Oklahoma Police actions in their entirety.[2] See In re Century Aluminum Co., 2009 WL 2905962, at *2; In re Cyberonics Inc. Sec. Litig., 468 F. Supp. 2d 936, 940 (S.D. Tex. 2006).

### B.    Lead Plaintiff Appointment

The Court will next consider whether it is appropriate either to defer consolidation until after the deadline for lead plaintiff motions in Oklahoma Police expires, see Boilermakers Nat'l Annuity Trust Fund v. WAMU Mortg. Pass Through Certificates, Series 2006-AR1, No. 09-cv-0037-MJP, 2009 WL 5170186, at *2 (W.D. Wash. Dec. 18, 2009); or to consolidate the actions and then reopen the lead plaintiff contest by requiring that Plaintiffs republish notice in accordance with the PSLRA, cf. In re Leapfrog Enters, Inc. Sec. Litig., No. 03-cv-05421-RMW, 2005 WL 5327775, at *3 (N.D. Cal. July 5, 2005).

The PSLRA provides that

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a

---

[2] It will be the responsibility of Plaintiffs' counsel, and not the Court, to allocate responsibility for briefing related to Securities Act claims in any consolidated complaint.

4

> notice advising members of the purported plaintiff class-
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class. . . .
>
> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published . . . .

15 U.S.C. § 78u-4(a)(3)(A). "This provision is 'intended to encourage the most capable representatives of the plaintiff class to participate in class action litigation[,] parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders.'" In re Cyberonics, 468 F. Supp. 2d at 938 (quoting H.R. Conf. Rep. No. 104-369, at 32 (1995)).

Lead Plaintiff Thomas argues that "nothing in the PSLRA compels re-opening the Lead Plaintiff appointment process when the Lead Plaintiff changes the Class Period, or adds a new claim arising out of the same facts alleged in the prior amended complaint." ECF No. 99 at 2. Thomas emphasizes that the Retirement System's MagnaChip transactions were covered by the original March 12, 2014, complaint and PSLRA notice in Thomas, and that the Retirement System has offered no explanation for its failure to act until April 21, 2015, more than one year later. ECF No. 99 at 2-4; see also ECF Nos. 8, 100-1. The Retirement System responds that although "'minor amendments to complaints . . . do not warrant republication or revisiting the lead plaintiff contest,' providing a new publication notice is required when amended complaints 'vastly expand[]' original complaints and 'dramatically alter the contours of the lawsuit.'" ECF No. 86 at 3 (quoting Leapfrog, 2005 WL 5327775, at *2-3) (emphasis omitted). The Retirement System argues that renewed notice is required here because the Thomas SAC includes new claims against new defendants and significantly expands the class period relative to the original complaint. Id. at 1-2.

"Although courts typically disfavor republication when a complaint is amended, courts have required new notice where the amended complaint substantially alters the claims or class members." Kaplan v. S.A.C. Capital Advisors, L.P., 947 F. Supp. 2d 366, 367 (S.D.N.Y. 2013).

5

1    In general, republication is not required where a complaint expands the class period or includes an
2    additional defendant or a closely related new claim.  See, e.g., Turner v. ShengdaTech, Inc., Nos.
3    11-cv-1918, 11-cv-1996, 11-cv-2064, 11-cv-3325, 2011 WL 6110438, at *3 (S.D.N.Y. Dec. 6,
4    2011) ("Courts . . . disfavor republication of notice under PSLRA when a class period is extended
5    beyond the period contained in the first-filed securities class action"); Greenberg v. Bear Stearns
6    & Co., Inc., 80 F. Supp. 2d 65, 69 (E.D.N.Y. 2000) ("[N]either case law nor the provisions of the
7    PSLRA require a second notice to be published when the complaint was amended to add the . . .
8    additional defendant."); In re Select Comfort Corp. Sec. Litig., No. 99-cv-884, 2000 WL
9    36097395, at *2 (D. Minn. May 12, 2000) ("[L]ead plaintiffs are not automatically required under
10   the PSLRA to republish notice where a consolidated complaint is amended to allege new, closely
11   related claims or a different class period."); In re Thornburg Mortg., Inc. Sec. Litig., 629 F. Supp.
12   2d. 1233, 1242 (D.N.M. 2009) (declining to require republication where "[t]he new claims are
13   closely related to the initial claims expressly covered in the notice, and requiring further notice for
14   the amendments here would serve only to delay the progress of this case and would contravene the
15   PSLRA notice provisions' goal of securing lead plaintiffs as soon as practicable" (internal
16   quotation marks omitted)).

17         By contrast, courts have required renewed notice where the additions to a complaint "make
18   it likely that individuals who could now be considered potential lead plaintiffs would have
19   disregarded the earlier notice, and that 'allowing plaintiffs . . . to proceed without publishing a new
20   notice reflecting their additional claims would potentially exclude qualified movants from the lead
21   plaintiff selection process.'"  Kaplan, 947 F. Supp. 2d at 367 (quoting Teamsters Local 445
22   Freight Div. Pension Fund v. Bombardier Inc., No. 05-cv-1898-SAS, 2005 WL 1322721, at *3
23   (S.D.N.Y. June 1, 2005)); see also Bombardier, 2005 WL 1322721, at *2-3 (requiring
24   republication where a class was expanded from purchasers of a single class of securities to
25   purchasers of many classes from different years, because it was "entirely possible that other well-
26   qualified lead plaintiffs would have moved had they been notified that they were potential class
27   members"); Leapfrog, 2005 WL 5327775, at *3 & n.1 (requiring republication where the amended
28   complaint "dramatically alter[ed] the contours of the lawsuit" by adding new factual allegations

and substantially expanding the class period, and the court identified another, possibly better-suited, potential lead plaintiff that could not have moved to be appointed lead plaintiff in the original suit); In re Cyberonics, 468 F. Supp. 2d at 939-40 (requiring republication where the amended complaint substantially expanded the potential class of plaintiffs by adding new claims and significantly extending the class period, and the constraints of the original complaint had excluded a potentially more appropriate lead plaintiff from consideration); Boilermakers, 2009 WL 5170186, at *1-2 (requiring republication and deferring consolidation where an amended complaint included ten additional securities in order to provide notice to the new classes of potential lead plaintiffs); Vanleeuwen v. Keyuan Petrochemicals, Inc., No. 11-cv-9495-PSG, 2013 WL 2247394, at *5 (C.D. Cal. May 9, 2013) (requiring republication where the amended pleadings added allegations based on "an entirely different factual scenario," including alleging "entirely new misrepresentations," and added "a whole new class of plaintiffs who were not included in the Original Complaint").

Here, the contours of the lawsuit have changed somewhat since the original complaint was filed in March 2014, in that the class period length has expanded, additional Defendants have been added, and the Retirement System seeks to pursue Securities Act claims in addition to Exchange Act claims. But the Retirement System has not demonstrated that it is "likely that individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice" or that proceeding without republication would "potentially exclude qualified movants from the lead plaintiff selection process." Kaplan, 947 F. Supp. 2d at 367. Although Plaintiffs have supplemented their allegations as additional information has come to light, the SAC still centers on the same factual scenario concerning MagnaChip's financial statements that was presented in Hayes's original complaint. The new Securities Act claims and additional defendants in the Oklahoma Police complaint relate to the same misrepresentations. No new classes of securities or groups of plaintiffs have been added, see Bombardier, 2005 WL 1322721, at *2-3; Boilermakers, 2009 WL 5170186, at *1-2; and no party has identified a potentially more appropriate lead plaintiff that was excluded from the constraints of the original complaint, see In re Cyberonics, 468 F. Supp. 2d at 939-40; Leapfrog, 2005 WL 5327775, at *3 & n.1. The Retirement System

could have sought appointment as lead plaintiff in Thomas in May 2014, but it did not.  ECF Nos. 8, 100-1.

In these circumstances, the Court concludes that the filing of the SAC and the Oklahoma Police action do not "substantially alter[] the claims or class members" such that new notice is required.  Kaplan, 947 F. Supp. 2d at 367.  The Court therefore denies the Retirement System's request that consolidation be deferred until the lead plaintiff motion deadline in Oklahoma Police expires on June 22, 2015.  The Court also declines at this time to require a new notice period for the purpose of identifying new potential lead plaintiffs in Thomas.

## CONCLUSION

For the reasons set forth below, the Court hereby consolidates cases No. 14-cv-01160-JST and No. 15-cv-01797-JST.  The first-filed case, No. 14-cv-01160-JST, shall serve as the lead case and Thomas shall continue to serve as Lead Plaintiff.  The Clerk shall file future submissions in case No. 14-cv-01160.  Case No. 15-cv-01797-JST is administratively closed, and any pending dates, deadlines, and case schedules in that case are vacated.

IT IS SO ORDERED.

Dated:  June 15, 2015

_____
JON S. TIGAR
United States District Judge