# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS, RICHARD HAYES, HERB SMITH, and OKLAHOMA POLICE PENSION & RETIREMENT SYSTEM,<br><br>Plaintiffs,<br>v.<br>MAGNACHIP SEMICONDUCTOR CORP. SANG PARK, TAE YOUNG HWANG, MARGARET SAKAI, R. DOUGLAS NORBY, ILBOK LEE, NADER TAVAKOLI, RANDAL KLEIN, MICHAEL ELKINS, AVENUE CAPITAL MANAGEMENT II, L.P., BARCLAYS CAPITAL INC., DEUTSCHE BANK SECURITIES INC., CITIGROUP GLOBAL MARKETS INC., UBS SECURITIES LLC and NEEDHAM & COMPANY, LLC,<br><br>Defendants. | Case No.: 3:14-cv-01160-JST<br><br>**CLASS ACTION**<br><br>**STIPULATED PROTECTIVE ORDER ON CONFIDENTIALITY** |



IT IS SO ORDERED
Judge Jon S. Tigar

STIPULATED PROTECTIVE ORDER ON CONFIDENTIALITY – 3:14-CV-01160-JST

WHEREAS, discovery in the above-captioned action (the "Action") is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than proceedings in this Action may be warranted;

WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 502(d) of the Federal Rules of Evidence, the parties hereto, by and through their attorneys, hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order") for the purpose of protecting the interests of the parties hereto against improper use and disclosure of deposition transcripts, documents and tangible things produced in response to requests for production, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Local Rules of the United States District Court for the Northern District of California and the Federal Rules of Civil Procedure, and other information exchanged by the parties hereto or produced by a non-party to this Action relating to this matter (collectively "Discovery Material");

WHEREAS, the parties hereto acknowledge that this Order does not confer blanket protections on all Discovery Material and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable law; and

WHEREAS, the parties hereto further acknowledge, as set forth in Paragraph II(E) below, that this Order does not entitle them to file confidential information under seal and that Civil Local Rule 79-5 and the Standing Order Governing Administrative Motions to File Materials Under Seal dated October 1, 2013 issued by Hon. Jon S. Tigar (the "Standing Order") set forth the procedures that must be followed and the standards that will be applied when a person seeks permission from the Court to file material under seal;

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

## I.  DESIGNATION OF "CONFIDENTIAL" DISCOVERY MATERIAL

A.   This Order applies to all Discovery Material in any form, including, but not limited to, for example, in oral, electronic or written form or embodied in physical samples of materials, produced by the parties to this Order or any non-party to the Action pursuant to the Federal Rules of Civil Procedure, including information received from a non-party under an obligation of confidentiality and

subsequently produced, and testimony adduced at any hearing or trial. Nothing in this Order binds Barclays Capital, Inc., Deutsche Bank Securities Inc., Citigroup Global Markets Inc., UBS Securities LLC or Needham & Company, LLC (collectively, the "Underwriter Defendants") except that the Underwriter Defendants may invoke the protections of this order consistent with Paragraph I(H) below.

   B. Any party to this Order or non-party in this Action ("producing party") shall have the right to designate as "CONFIDENTIAL" any information or thing it reasonably believes contains or embodies a trade secret, proprietary business, financial or technical information, or non-public personal, client or customer information concerning individuals or other entities. In addition, to the extent that any Discovery Material constitutes or contains "nonpublic personal information" within the meaning of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802, *et seq.* and its implementing regulations, such information may be designated CONFIDENTIAL. This Order hereby authorizes the production of such nonpublic personal information in the Action.

   C. Designation of documents or other materials or information as "CONFIDENTIAL" shall be made by stamping the documents or materials with the words "CONFIDENTIAL" at the time of production of the documents or other materials to counsel for the receiving party.

   D. Portions of deposition and hearing transcripts may be designated "CONFIDENTIAL" by any party to this Order or non-party to the Action either: (a) during the deposition or hearing, in which case the transcript of the designated testimony shall be bound in a separate, sealed volume and marked "CONFIDENTIAL" by the reporter, or (b) within fifteen (15) business days after receipt of the final transcript, in which case a separate transcript marked "CONFIDENTIAL" shall be requested by the producing party. In the event persons are present at any deposition or hearing during which a "CONFIDENTIAL" designation is made with respect to the answer(s) to any question(s) who any party in good faith believes would not be permitted under Section II to view the answer(s) once transcribed, such person(s) shall be excluded from the deposition or hearing during the answer(s) to such question(s).

E.  The designation of "CONFIDENTIAL" material or information pursuant to this Order shall not be construed as a concession by any party that such information is relevant or material to any issues, is otherwise discoverable or is admissible for any purpose under the Federal Rules of Evidence.

F.  The inadvertent or unintentional disclosure by the producing party of "CONFIDENTIAL" information which it believes should have been designated as "CONFIDENTIAL" regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to the same subject matter. If a producing party has disclosed "CONFIDENTIAL" information without designating such information as "CONFIDENTIAL," that producing party may designate such information as "CONFIDENTIAL" by informing the receiving party in writing of such designation. Upon discovery of an inadvertent or unintentional disclosure by the producing party, counsel for the producing party and the receiving party shall cooperate and take reasonable steps to restore the confidentiality of the inadvertently disclosed information.

G.  All designations of "CONFIDENTIAL" Discovery Material shall be made in good faith and shall not knowingly include any information (or shall promptly withdraw any designations with respect to information) which:

    (1)    at the time of the disclosure is available to the public; or

    (2)    after disclosure becomes available to the public not in violation in this Order; or

    (3)    the receiving party can show:

        (a)    was already known to the receiving party; or

        (b)    was independently developed by the receiving party not in violation of this Order.

H.  In the event that a party to this Order seeks discovery from a non-party to this Action, the non-party may invoke the terms of this Order with respect to any "CONFIDENTIAL" information provided to the parties by the non-party by so advising all parties to this Order in writing and otherwise complying with the designation requirements set forth above.

II. **RESTRICTIONS ON DISCLOSURE OF DISCOVERY MATERIAL AND "CONFIDENTIAL" INFORMATION**

A. Subject to any other written agreement among or between producing parties and receiving parties, a receiving party may only use Discovery Material in connection with the prosecution or defense of this Action, including any appeals and the enforcement of any insurance claims relating to this Action. Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, any purpose related to any other investigation or proceeding, or evaluation of other potential claims unrelated to the causes of action and alleged misstatements at issue in the Action.

B. Except as provided by order of this Court or express written consent of counsel, Discovery Material that has been designated as "CONFIDENTIAL" in accordance with this Order shall not be disclosed by the recipient to any person other than:

(1) The parties to this Order, outside counsel of record for each party to this Order, members and associates of their firms and employees of those firms actively engaged in this case; or

(2) Fact witnesses in a deposition, hearing, or trial in the Action, and their counsel, to the extent that either

　　A. the witness is a current or former employee of the producing party, or

　　B. undersigned counsel reasonably believes that the witness previously had access to the document; or

(3) Independent, non-employee or non-affiliated experts retained by any party for the purpose of opining on matters to which the information is directly relevant; provided, however, that such experts shall not be current employees of, or advising or discussing employment with, or be consultant to, any competitor of any producing party, as far as such expert can reasonably determine; or

(4) Independent, non-employee or non-affiliated litigation or trial consultants; provided, however, that such litigation or trial consultants shall not be current employees of, or

STIPULATED PROTECTIVE ORDER ON CONFIDENTIALITY – 3:14-CV-01160-JST

4

advising or discussing employment with, or be consultant to, any competitor of any producing party, as far as such litigation or trial consultant can reasonably determine; or

(5) Any court reporter or videographer recording testimony in this Action and any outside independent reproduction firm; or

(6) In-house attorneys for the parties to this Order.

C. The recipient of any "CONFIDENTIAL" information provided pursuant to this Order shall maintain such information in a secure and safe area and shall exercise due and proper care with respect to its storage, custody, and use.

D. Before any disclosure of "CONFIDENTIAL" information of the producing party is made to an individual pursuant to Paragraphs II(B)(3) and (4), outside counsel for the receiving party shall: provide the individual with a copy of this Order; explain its terms; and obtain the individual's written agreement in the form of Exhibit A hereto, to comply with and be bound by its terms.

E. Without written permission from the producing party or a court order secured after appropriate notice to all interested persons, Discovery Material that has been designated as "CONFIDENTIAL" may not be filed in the public record in this Action. Any party to this Order or non-party to this Action that seeks to file under seal any Discovery Material that has been designated as "CONFIDENTIAL" must comply with Civil Local Rule 79-5 and the Standing Order, and such material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Discovery Material that has been designated as "CONFIDENTIAL" at issue.

F. Nothing in this Order shall limit or restrict the ability of a producing party, or producing non-party, to use its own documents or information, which has been produced in connection with this Action.

**III. DISPUTES AND REMEDIES**

A. Any party to this Order may request in writing at any time the release of documents, testimony, or other materials designated as "CONFIDENTIAL", or filed under seal, from the requirements of this Order. Such materials shall be released unless, within seven (7) days of receipt of such written request, counsel of record for the producing party makes a good faith objection in writing

to the release of such materials, based on counsel's reasonable belief that such materials contain or reflect information properly designated as "CONFIDENTIAL".

      B.    Nothing in this Order shall prejudice the right of a party to this Order to bring before this Court any questions as to whether any particular document(s) or deposition transcript(s) should be or should not be filed under seal, or designated "CONFIDENTIAL" provided that the party bringing such question before the Court has complied with the procedures set forth in Paragraphs II(E) and III(A).

      C.    If a receiving party learns that, by inadvertence or otherwise, it has disclosed Discovery Material designated as "CONFIDENTIAL" to any person or in any circumstance not authorized under this Order, then the receiving party must immediately (a) notify in writing the producing party of the unauthorized disclosures, (b) use its reasonable best efforts to retrieve all unauthorized copies of the Discovery Material designated as "CONFIDENTIAL," (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute a written agreement in the form of Exhibit A hereto, to comply with and be bound by its terms.

      D.    In the event anyone shall violate or threaten to violate any term of this Order, the parties agree that the aggrieved party may immediately apply for relief against any such person violating or threatening to violate any of the terms of this Order and, in the event that the aggrieved party shall do so, the respondent person subject to this Order shall not employ as a defense thereto that the aggrieved party possesses an adequate remedy at law. The parties hereto and any other person subject to this Order agree that the United States District Court for the Northern District of California has jurisdiction over the person and party for the purposes of enforcing this order.

## IV. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED DISCOVERY MATERIAL

      A.    If, in connection with the Action, Discovery Material subject to a claim of attorney-client privilege, work product protection, or other privilege or immunity from disclosure is inadvertently disclosed ("Inadvertently Disclosed Information") by a producing party, the disclosure of such Inadvertently Disclosed Information shall not constitute or be deemed a waiver of any claim of

attorney-client privilege, work production protection, or other privilege or immunity from disclosure that the producing party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter. The non-waiver of claims of attorney-client privilege, work product protection, or other privilege or immunity from disclosure shall apply to the Action as well as any other federal or state investigation or proceeding.

      B.    If a claim of inadvertent disclosure is made by the producing party with respect to Inadvertently Disclosed Information, the receiving party shall, within five (5) business days of receiving notice of the claim of inadvertent disclosure, return, delete, or destroy the Inadvertently Disclosed Information and delete or destroy the portions of all work product that reflect or are derived from such Inadvertently Disclosed Information, including all copies thereof, and shall make no further use of such Inadvertently Disclosed Information and work product.

      C.    Upon request by the producing party, the receiving party shall confirm in writing that it has complied with the procedures described in Paragraph IV(B) of this Order.

      D.    If a receiving party discovers on its own that it has received Inadvertently Disclosed Information, it shall promptly sequester such Inadvertently Disclosed Information and refrain from using it and the portions of all work product that reflect or are derived from such Inadvertently Disclosed Information. The receiving party shall promptly notify the producing party in writing of the existence of such Inadvertently Disclosed Information. Upon request by the producing party, the receiving party shall comply with the procedures described in Paragraphs IV(B)-(C) of this Order.

      E.    Nothing in this Order shall limit the receiving party's right to challenge (on grounds unrelated to the fact or circumstances of the inadvertent disclosure) the producing party's claim that Inadvertently Disclosed Information is protected from disclosure by the attorney-client privilege, work product doctrine, or other privilege or immunity from disclosure. Any Inadvertently Disclosed Information submitted to the Court in connection with a challenge to the producing party's claim of attorney-client privilege, work product protection, or other privilege or immunity from disclosure shall not be filed in the public record, but rather shall be redacted, filed under seal, or submitted for in camera review consistent with Paragraph II(E) of this Order.

## V. DURATION AND TERMINATION OF THIS ORDER

A. The terms and provisions of this Order shall be binding on the parties hereto and their counsel as of the date on which the last party signs ("Effective Date"). Any violation of the terms and provisions of this Order which may occur between the Effective Date and the date of the Court's signature shall be subject to sanctions and penalties as if the Order had been signed and entered by this Court.

B. This Order and all obligations shall survive the final adjudication of this litigation (including any appellate proceedings). Within thirty days of the conclusion of this Action, including any appeals, all "CONFIDENTIAL" information furnished pursuant to the terms of this Order, any drawings related to and notes taken from said information, and all copies thereof which are not in the custody of this Court or which are not an exhibit or attachment to any pleading filed in this Action, shall be either:

(1) Returned to the producing party; or

(2) Destroyed by the receiving party. Upon such destruction, the receiving party shall also certify to the producing party in an affidavit that the information has been destroyed.

Counsel for each party to this Order may retain "CONFIDENTIAL" information which is contained in a deposition transcript or an exhibit while maintaining the confidentiality thereof.

C. Any party to this Order or non-party to this Action that receives a request for Discovery Material, by subpoena or other legal process, shall: (a) promptly notify in writing the producing party and provide a copy of the subpoena or other legal process within three business days of receipt of such subpoena or other legal process (or if a response to the subpoena or other legal process is due in less than three business days, at least 24 hours prior to the deadline for a response); (b) promptly notify in writing the person who caused the subpoena or other legal process to issue that some or all of the material covered by the subpoena or other legal process is subject to this Order and provide a copy of this Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the producing party whose Discovery Material may be affected. If the producing party timely seeks a protective order, the party to this Order or producing non-party served with the subpoena or other legal

process shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court or other forum from which the subpoena or other legal process issued without the prior permission of the producing party. The producing party shall bear the burden and expense of seeking the protection of any Discovery Material it designated as "CONFIDENTIAL." Nothing in this paragraph shall be construed as requiring anyone covered by this Order to contest a subpoena or other process, to appeal any order requiring production of Discovery Material or "CONFIDENTIAL" information covered by this Order or to subject itself to penalties for non-compliance with any legal process or order.

## VI. AMENDMENT OF THIS ORDER

A.  All notices required by this Order may be served by email with confirmation by regular mail to the counsel of record of the parties hereto. The date by which a party receiving a notice shall respond, or otherwise take action, shall be computed from the date that the email was received in the office of counsel. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney or duly authorized representative for the producing party.

B.  Upon notice or motion, this Court may make such further orders and directions as it deems appropriate or necessary concerning the subject matter of this Order, including without limitation, orders modifying, extending, limiting, or vacating any or all of its provisions.

Dated: February 5, 2016

/s/ *[signature]*

| | |
|---|---|
| Marc I. Gross<br>Michael J. Wernke<br>**POMERANTZ LLP**<br>600 Third Avenue, 20th Floor<br>New York, NY 10016<br>Tel: (212) 661-1100<br>Fax. (212) 661-8665<br><br>Patrick V. Dahlstrom<br>**POMERANTZ LLP**<br>10 South LaSalle Street, Suite 3505<br>Chicago, IL 60603<br>Tel: (312) 377-1181<br><br>*Lead Counsel for Lead Plaintiff* | Daniel J. Kramer<br>Jacqueline P. Rubin<br>**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>Tel. (212) 373-3000<br>Fax. (212) 757-3990<br><br>*Counsel for Defendant MagnaChip Semiconductor Corp.* |

*/s/ Marc I. Gross*

Marc I. Gross
Michael J. Wernke
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, NY 10016
Tel: (212) 661-1100
Fax. (212) 661-8665

Patrick V. Dahlstrom
**POMERANTZ LLP**
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Tel: (312) 377-1181

*Lead Counsel for Lead Plaintiff*

*/s/ Daniel S. Kramer /MDS*

Daniel J. Kramer
Jacqueline P. Rubin
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Tel. (212) 373-3000
Fax. (212) 757-3990

*Counsel for Defendant MagnaChip Semiconductor Corp.*

SO ORDERED

Dated: February 8, 2016

_____
The Honorable Jon S. Tigar
United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS, RICHARD HAYES, HERB SMITH, and OKLAHOMA POLICE PENSION & RETIREMENT SYSTEM,<br><br>Plaintiffs,<br>v.<br>MAGNACHIP SEMICONDUCTOR CORP. SANG PARK, TAE YOUNG HWANG, MARGARET SAKAI, R. DOUGLAS NORBY, ILBOK LEE, NADER TAVAKOLI, RANDAL KLEIN, MICHAEL ELKINS, AVENUE CAPITAL MANAGEMENT II, L.P., BARCLAYS CAPITAL INC., DEUTSCHE BANK SECURITIES INC., CITIGROUP GLOBAL MARKETS INC., UBS SECURITIES LLC and NEEDHAM & COMPANY, LLC,<br><br>Defendants. | Case No.: 3:14-cv-01160-JST |

In consideration of the disclosure to me of certain information which is subject to a Stipulated Protective Order on Confidentiality of this Court, I agree as follows:

1.  I have read the Stipulated Protective Order on Confidentiality in this case and agree to be bound by its terms.

2.  I understand that if I violate the terms of the Stipulated Protective Order on Confidentiality, I may be subject to an enforcement proceeding before this Court.

3. I agree to submit myself to the personal jurisdiction of this Court in connection with any proceedings concerning the Stipulated Protective Order on Confidentiality.

Dated: _____    _____

Name: _____

Title/Employer: _____

Address: _____

_____

_____