UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MAGNACHIP SEMICONDUCTOR INC., et al.,<br><br>Defendants. | Case No. 14-cv-01160-JST<br><br>**ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF A CLASS ACTION SETTLEMENT**<br><br>Re: ECF No. 185 |

In this federal securities class action, Lead Plaintiff Keith Thomas has filed an unopposed motion for an order (1) preliminarily approving the parties' partial settlement agreement; (2) conditionally certifying the proposed class for settlement purposes; (3) appointing Strategic Claims Services as Claims Administrator; (4) approving and directing the dissemination of the proposed notice in accordance with the proposed notice plan; (5) scheduling a fairness hearing for final approval of the partial settlement agreement and an award of attorneys' fees and expenses; and (6) setting deadlines for the filing of papers in connection with approval of the partial settlement. The Court will deny the motion without prejudice.

## I. BACKGROUND

### A. The Parties and Claims

Plaintiffs bring this federal securities class action against MagnaChip Semiconductor, Inc. ("MagnaChip"), "several of its current and former senior executive officers and audit committee directors, underwriters, and Avenue Capital [Management II, L.P.], which was MagnaChip's majority and controlling shareholder," for violations of sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 and sections 11, 12(a)(2), and 15 of the Securities Act of 1933. ECF Nos. 185, 114.

Lead Plaintiff Keith Thomas ("Thomas") brings these claims on behalf of "all persons other than defendants who purchased or otherwise acquired MagnaChip securities between February 1, 2012 and February 12, 2014 (the "Class Period"), including purchasers of MagnaChip common stock pursuant to and/or traceable to the Registration Statement and Prospectus issued in connection with MagnaChip's February 6, 2013 follow-on public stock offering . . ." ECF No. 114 ¶ 1.

Plaintiffs allege that "Defendants violated the federal securities laws by (a) issuing materially false and misleading statements regarding [MagnaChip]'s business, prospects, operations and financial results; (b) failing to disclose the inadequacy of its internal controls and procedures over financial reporting; and (c) engaging in a wide-ranging scheme to materially inflate [MagnaChip]'s reported results." ECF No. 114 ¶ 2.

### B.   Procedural History

Plaintiff Richard Hayes filed the initial complaint in this action. ECF No. 1. The Court later entered an order appointing plaintiff Keith Thomas as Lead Plaintiff, Pomerantz LLP as Lead Plaintiff's Counsel, and Glancy Prongay & Murray LLP as Liason Counsel. ECF No. 32.

On June 26, 2015, Plaintiffs filed the operative Third Amended Complaint ("TAC"). ECF No. 114. Five sets of Defendants filed a motion to dismiss Plaintiffs' TAC. ECF Nos. 121, 123, 126, 130, 155. On December 11, 2015, the parties informed the Court that they had reached a settlement with respect to all claims raised against all Defendants except for Avenue Capital, ECF No. 174, and confirmed this in a telephonic case management conference on January 22, 2016, ECF No. 182. The Court issued an order granting in part and denying in part the five Motions to Dismiss on March 7, 2016. ECF No. 196.

### C.   Settlement Agreement

Following Defendants' motions to dismiss, Plaintiffs and Defendants who are parties to the proposed settlement participated in two full-day mediations on September 23, 2015 and November 7, 2015. ECF No. 185 at 11. Though the parties failed to reach an agreement, the discussions prompted Lead Plaintiff to consider the risks that, "even if Lead Plaintiff were to prevail at trial, any recovery could be rendered 'judgment proof.'" Id. at 12.

1    The settlement discussed herein involves all Plaintiffs and Defendants MagnaChip, Sang
2 Park ("Park"), Tae Young Hwang ("Hwang"), Margaret Sakai ("Sakai"), R. Douglas Norby
3 ("Norby"), Ilbok Lee ("Lee"), Nader Tavakoli ("Tavakoli"), Randal Klein ("Klein"), and Michael
4 Elkins ("Elkins") (collectively "Settling Defendants"). Id. at 13. In addition, the settlement will
5 also release all claims against Defendants Barclays Capital Inc., Deutsche Bank Securities Inc.,
6 Citigroup Global Markets Inc., UBS Securities LLC, and Needham & Company, LLC
7 ("Underwriter Defendants"), although no value was assigned to those claims and those Defendants
8 do not contribute to the agreement. Id. at 12.
9    As part of the settlement agreement, MagnaChip has agreed to pay $23,500,000.00
10 ("Settlement Amount") into a Qualified Settlement Fund on the date on which the settlement is
11 finally approved. Id. at 13. This Settlement Amount represents 15% of Thomas's likely recovery
12 at trial if he was to prevail. Id.
13    The following amounts will be subtracted from the Settlement Amount: (1) the costs of
14 settlement and notice administration, which are estimated to total $300,000.00; (2) class counsel's
15 attorney's fees, which will not exceed 25% of the Settlement Amount; (3) attorney's expenses,
16 which will not exceed $235,000.00 (4) a payment to Thomas of $1,500.00; (5) other unspecified
17 fees and expenses authorized by the Court; and (6) taxes and tax expenses. ECF No. 185, 184-2.
18    After subtracting these amounts, any remaining funds (the "Settlement Class Settlement
19 Proceeds") will be distributed to the class, which Thomas defines as follows:

> "all Persons who purchased or otherwise acquired MagnaChip Securities between February 1, 2012 and February 12, 2015 (the 'Settlement Class Period'), including purchasers of MagnaChip common stock pursuant and/or traceable to the Registration Statement and Prospectus issued in connection with MagnaChip's February 6, 2013 follow-on public stock offering. Excluded from the Settlement Class are Defendants, MagnaChip's officers and directors during the Settlement Class Period, and all such excluded Persons' immediate families, legal representatives, heirs, parents, wholly-owned subsidiaries, successors, and assigns. Also excluded from the Settlement Class are those Persons who file valid and timely requests for exclusion in accordance with the Court's Order Preliminarily approving Partial Settlement and Providing for Notice . . ."

ECF No. 184 at 12.

   Class members who submit timely claims will receive payments on a pro rata basis based

3

1  on the date(s) class members purchased and sold MagnaChip shares as well as the total number
2  and amount of claims filed. ECF No. 184 at 21-24. To calculate the amount that will be paid to
3  each class member, the Claims Administrator will determine each claim's share of the Settlement
4  Class Settlement Proceeds based upon the claim's recognized loss. Id.

5  Recognized loss will be determined for each MagnaChip share purchased or otherwise
6  acquired during the Settlement Class Period. The calculation of recognized loss will depend upon
7  several factors: (1) when the MagnaChip shares were purchased or otherwise acquired during the
8  Settlement Class Period; (2) the number of shares; (3) whether the shares were sold; and (4) if
9  sold, when they were sold and for what amounts. ECF No. 184-2 at 8. The recognized loss
10 calculation is not an estimate of individual settlement awards, but the basis upon which the
11 Settlement Class Settlement Fund will be proportionately allocated to the claimants. Id. at 9. The
12 settlement represents an amount of $0.22 per share after deductions and $0.81 per share without
13 deductions, calculated based on all 28,918,000 shares outstanding as of the end of the Settlement
14 Class Period. Id. at 3. The actual individual settlement payments will depend on how many
15 claims are filed. Id. No distribution will be made to claimants who would otherwise receive a
16 distribution of less than $10.00. Id. at 15.

17 Within fourteen calendar days of preliminary approval, the Claims Administrator will
18 begin distributing notice of the settlement by mail, publication, and the Internet. ECF No. 185 at
19 28. The proposed Notice of Pendency and Proposed Partial Settlement of Class Action and the
20 Proof of Claim and Release (collectively "Notice Packet") will be sent by mail to "all record
21 holders of MagnaChip common stock who fall within the definition of the Settlement Class and
22 whose names and last known addresses or similar contact information can be identified through
23 MagnaChip's stock transfer records to the extent available." Id. at 25. The Claims Administrator
24 will also mail copies of the Notice Packet to "entities which commonly hold securities in 'street
25 name' as nominees for the benefit of their customers who are the beneficial purchasers of the
26 securities." Id. at 25-26. Within 21 days of preliminary approval, the parties will publish the
27 Summary Notice of Pendency and Proposed Settlement of Class Action ("Summary Notice") in
28 Investor's Business Daily and once on GlobeNewswire. Id. at 26, 28. Thomas's Counsel will also

make copies of the Notice Packet available for download on the website created for the Settlement, www.strategicclaims.net/MagnaChip. Id. at 26.

To claim his or her share of the Settlement Class Settlement Proceeds, a Settlement Class Member must mail to the Claims Administrator an executed Proof of Claim and Release form that is postmarked 30 days after entry of a Final Approval Hearing or, according to Thomas's proposed schedule, approximately 120 days after mailing of the initial notice. ECF No 185 at 28. The proposed Notice explains the terms of the settlement, and how to receive a Settlement Payment, object, or opt out. ECF No. 184-2 at 4. All objections and requests for exclusion must be completed and post-marked 35 days before the Final Approval Hearing or, according to Thomas's proposed schedule, approximately 55 days after mailing of the initial notice. ECF No. 185 at 28. The Notice also explains how a class member can challenge any decision made by the Claims Administrator regarding their Proof of Claim. ECF No. 184-2. Class members will be able to cash their check within six months, during which time the Claims Administrator will make reasonable and diligent efforts to have Settlement Class Members cash their distribution checks. ECF No. 184 at 26.

If any funds remain in the Qualified Settlement Fund six months after the initial distribution of such funds, the Claims Administrator will re-distribute the remaining Proceeds to Settlement Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution. Id. at 26. If any Proceeds remain in the Fund six months after the re-distribution then the Proceeds will be contributed to a non-sectarian, non-profit Section 501(c)(3) organization selected by Thomas's Counsel in consultation with MagnaChip's Counsel. Id.

In addition to a cash settlement, MagnaChip has agreed to "produce to Lead Plaintiff's Counsel copies of the documents MagnaChip has produced to the SEC along with English translations of those documents in MagnaChip's possession. MagnaChip will also use its best efforts to obtain from the Settling Defendants, to the extent necessary, consents to the disclosure to Lead Plaintiff's Counsel of any documents that are produced to the SEC in the future by the Settling Defendants, or that are responsive to reasonable document demands served by Lead Plaintiff's Counsel in the future, to the extent that disclosure of such documents would not comply

1  with the Korean Personal Information Protection Act . . . absent such consent." ECF No. 184 at

2  16. MagnaChip's production of these documents "will facilitate the ongoing litigation against

3  Avenue Capital. The translation of these documents alone will save the Settlement Class

4  significant costs." ECF No. 185 at 12.

5      As part of the settlement, Thomas has agreed to release all claims

> "*including both known claims and Unknown Claims*, whether arising under federal, state, common or foreign law or regulation, *that arise out of or relate in any way to the purchase or sale of MagnaChip Securities during the Settlement Class Period and the acts, facts, statements, or omissions that were or could have been alleged or asserted by Plaintiffs or any member of the Settlement Class in the Action or in any other action in any court or forum*, except that the following are expressly excluded from the definition of Released Claims: (i) all claims asserted in the Derivative Actions; (ii) all claims asserted against Avenue Capital in the Action; (iii) all claims brought or that might be brought against MagnaChip or any of the Defendants by the SEC, whether or not they arise out of or relate in any way to the purchase or sale of MagnaChip Securities during the Settlement Class Period; (iv) all claims of any Person who submits a request for exclusion from the Settlement, to the extent that the Court grants any such request; and (v) all claims to enforce any of the terms of this Stipulation."

ECF No. 184 at 11 (emphasis added).

For the purposes of the settlement, "Unknown Claims" means:

> "(i) any claims that the Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, the decision not to object to the Settlement, provided such claim arises out of or relates to the purchase or sale of MagnaChip Securities; and (ii) any Settling Defendant's Claims that any Settling Defendant does not know or expect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Settling Parties shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived and by operation of the Order and Final Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United Sates, or principle of common law that is similar, comparable, or equivalent to Cal. Civ. Code § 1542 . . .

Id. at 14-15 (emphasis in original).

    The released claims will be released with respect to "(i) MagnaChip, Park, Hwang, Sakai, Norby, Lee, Tavakoli, Klein, Elkins, non-defendant Brian Mulhern, and the Underwriter

Defendants; (ii) each of [their] respective present and former parents, subsidiaries, divisions, departments, and affiliates (and the predecessors, successors, administrators and assigns of each of the foregoing); and (iii) each of the respective stockholders, officers, directors, employees, agents and any of their advisors, counsel, underwriters, representatives of the foregoing in (i) and (ii) in their capacities as such." Id.

As noted, the settlement releases all claims against the Underwriter Defendants "without any contribution from them." ECF No. 185 at 12. "The 1933 Securities Act claims had a very high risk of dismissal, including on statute of limitations grounds. Moreover, the Underwriter Defendants had indemnification agreements from MagnaChip, which would only compound the risks related to the Company's financial situation. Given the risks of these claims, Lead Plaintiff assigned no value to them in the course of the settlement negotiations." Id. "Similarly, all claims against Avenue Capital's designees to the MagnaChip's Board are being dismissed." Id. "The Settlement also calls for entry of a Bar Order which protects MagnaChip from any cross-litigation by non-settling defendant Avenue Capital, while entitling Avenue Capital to a reduction of any judgment entered against it equal to the greater of (i) the Settlement Amount; or (ii) the Released Persons' proportionate share of the fault." ECF No. 185 at 12.

MagnaChip reserves the right to terminate the settlement agreement "[i]f, prior to the Settlement Hearing, Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion ('Requests for Exclusion') from the Settlement Class . . . and such Persons in the aggregate purchased MagnaChip Securities during the Settlement Class Period in an amount greater than the amounts specified in a separate Supplemental Agreement between the Settling Parties (the 'Supplemental Agreement')." ECF No. 184 at 35. The Supplemental Agreement was not filed with the Court and "shall not be . . . unless and until a dispute among the Settling Parties concerning its interpretation or application arises, but may be examined in camera if so requested or ordered by the Court." Id.

**D.  Jurisdiction**

The Court has jurisdiction over this action under 28 U.S.C. § 1331.

## II. LEGAL STANDARD

The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions. Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992). The settlement of a certified class action must be fair, adequate, and reasonable. Fed. R. Civ. P. 23(e)(2). But, where the "parties reach a settlement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003). In these situations, settlement approval "requires a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)." Dennis v. Kellog Co., 697 F.3d 858, 864 (9th Cir. 2012) (citation and internal quotation marks omitted).

## III. DISCUSSION

### A. Class Certification

A district court may certify a class action under Federal Rule of Civil Procedure 23 if the parties seeking certification satisfy the four requirements identified in Rule 23(a) as well as one of the three subdivisions of Rule 23(b). Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997). When determining whether to certify a class for settlement purposes, a court must pay "heightened" attention to the requirements of Rule 23. Id. at 620. Indeed, "[s]uch attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold." Id. (citations omitted). As discussed below, Thomas has shown that Rule 23's requirements for certification of the putative class for settlement purposes are met.

#### 1. Rule 23(a)

Rule 23(a) contains four threshold requirements that any proposed class action must meet: "(1) numerosity (a 'class [so large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical . . . of the class'); and (4) adequacy of representation (representatives 'will fairly and adequately protect the interests of the class')." Id. at 613 (quoting Fed. R. Civ. P. 23).

### a. Numerosity

The numerosity requirement is satisfied when a plaintiff shows that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).

Thomas contends that "millions of shares of MagnaChip common stock were traded during the Class Period. In addition, beneficial holders of MagnaChip common stock are believed to number in the thousands and are geographically located throughout the United States, making joinder of all Settlement Class Members impracticable." ECF No. 185 at 21.

The Court concludes that Thomas has satisfied his burden to show that the number of putative class members is sufficiently numerous that their joinder would be impracticable.

### b. Commonality

The commonality requirement is satisfied when a plaintiff shows that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality exists when plaintiffs' claims "depend upon a common contention" of "a nature that is capable of classwide resolution," such that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2545 (2011).

Thomas contends that this requirement is met, because questions of law or fact common to the putative class "include, among others: (i) whether the Settling Defendants' alleged acts violated the federal securities law; (ii) whether alleged statements made by the Settling Defendants to the investing public during the Settlement Class Period misrepresented material facts about MagnaChip; (iii) whether the price of MagnaChip Securities was artificially inflated during the Settlement Class Period; and (iv) whether the Settlement Class Members have sustained damages and the proper measure of such damages." ECF No. 185 at 21-22.

The Court concludes that commonality exists because the Settling Defendants made the same alleged statements to the entire putative class, as members of the investing public. Thus, the information contained in the alleged statements are determinative of whether Settling Defendants misrepresented material facts about MagnaChip, and consequently, whether MagnaChip is liable for violations of federal securities laws with respect to all of the putative class members.

### c. Typicality

Typicality exists if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992) (citation and internal quotation marks omitted).

Thomas contends that, "like the other Settlement Class Members, he purchased MagnaChip Securities at inflated prices because the Settling Defendants, in violation of the federal securities laws, allegedly issued false and materially misleading statements and/or omissions during the Settlement Class Period." ECF No. 185 at 23.

The Court concludes that Thomas' claims are typical of those of the putative class members, because he purchased MagnaChip shares during the same period of time as the putative class members purchased or held their shares.

### d. Adequacy of Representation

A plaintiff may bring claims on behalf of a class only if she "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998) (citation omitted).

Thomas contends that he satisfies the adequacy requirement, because he (1) "has claims that are typical of and coextensive with those of the Settlement Class" and (2) "has retained counsel highly experienced in securities class action litigation," and who have "successfully prosecuted many securities and other complex class actions throughout the United States." ECF No. 185 at 23-24.

The Court is persuaded that Thomas and his counsel will adequately protect the interests of the class in light of the totality of the evidence before it. Thomas' counsel has ample experience

in the prosecution of securities class actions. There is no indication in the record of a conflict of interest.

### 2. Rule 23(b)(3)

This provision requires the court to find that: (1) "the questions of law or fact common to the class members predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

#### a. Predominance

"The predominance analysis under Rule 23(b)(3) focuses on 'the relationship between the common and individual issues' in the case" and tests whether the proposed class is "'sufficiently cohesive to warrant adjudication by representation.'" Wang v. Chinese Daily News, Inc., 737 F.3d 538, 545 (9th Cir. 2013) (quoting Hanlon, 150 F.3d at 1022).

Thomas contends that this requirement is satisfied because "the same set of operative facts and a single proximate cause applies to each" putative class member. ECF No. 185 at 24.

The court finds that this requirement is met. The question of whether MagnaChip's statements and/or omissions to the investing public were materially misleading is common to all class members and will predominate over any individual issues.

#### b. Superiority

"Where classwide litigation of common issues will reduce litigation costs and promote greater efficiency, a class action may be superior to other methods of litigation," and is certainly superior "if no realistic alternative exists." Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234-35 (9th Cir. 1996).

Thomas contends that this requirement is satisfied because, if he and each putative class member "were to bring individual actions, they each would be required to prove the same wrongdoing by the Settling Defendants to establish liability." ECF No. 185 at 24 (citation omitted).

The Court finds that Thomas has shown that a class action is superior to any other manner of litigating the claims of the putative class members.

### B. Fairness of the Settlement

In examining a pre-certification agreement, a district court "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 947 (9th Cir. 2011). "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." Hanlon, 150 F.3d at 1026 (citation omitted). A court may not delete, modify or substitute certain provisions" of the settlement; rather "[t]he settlement must stand or fall in its entirety." Id.

Preliminary approval of a settlement and notice to the proposed class is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." In re Tableware Antitrust Litig., 484 F. Supp. 1078, 1079 (N.D. Cal. 2007) (citation omitted).

#### 1. The Settlement Process and Amount

The Court concludes that the proposed settlement amount of $23,500,000 is fair and reasonable. The stipulated settlement was reached after the parties engaged in motion practice and participated in private mediation. Thomas notes that the proposed amount of 15% of damages is within the range of possible approval. ECF No. 185 at 18. He further argues that the settlement is fair in light of the risks and circumstances present in this action. "While Lead Plaintiff considers the likelihood of proving liability is very high, there are risks that Lead Plaintiff would not achieve a significant recovery from MagnaChip given its current financial state." ECF No. 185 at 15. Given that an adverse ruling may render Magnachip unable to pay all of the damages recovered, it is reasonable to provide instead for an "assured all-cash benefit to Settlement Class Members in the near future." ECF No. 185 at 16. Finally, the settlement provides "additional discovery benefits [that] will empower further litigation against Avenue Capital," the only non-settling Defendant, "which Lead Plaintiff alleges was the principal beneficiary of the allegedly fraudulent scheme, having received nearly $300 million from sales of Magnachip common stock during the

1  Settlement Class Period." ECF No. 185 at 13.

### 2. Deficiencies

The Court concludes, however, that the Motion for Preliminary Approval must be denied based on several deficiencies.

#### a. *Cy Pres* Distribution of Unclaimed Funds

The proposed settlement agreement provides that "[i]f any funds shall remain in the [Qualified] Settlement Fund six months after . . . re-distribution, then such balance shall be contributed to a non-sectarian, non-profit Section 501(c)(3) organization selected by Lead Plaintiff's Counsel, in consultation with MagnaChip's Counsel." ECF No. 184 at 26.

The *cy pres* distribution as currently structured is impermissible. The Ninth Circuit permits a *cy pres* distribution of unclaimed class action settlement funds only if it "bears a substantial nexus to the interests of the class members" Lane v. Facebook, Inc., 696 F.3d 811, 821 (9th Cir. 2012); see also Fraley v. Batman, __ Fed. Appx. ___, Nos. 13-16819, 13–16918, 13–16919, 13–16929, 13–16936, 13–17028, 14–15595, 2016 WL 145984, *1 (9th Cir. Jan. 6, 2016) (unpublished) (holding "an appropriate nexus" must "exist[] between the issues underlying the case and the *cy pres* recipients"). Here, the Court is unable to evaluate whether there is a substantial nexus because the parties do not specify the *cy pres* recipient. Therefore, it is unable to approve the *cy pres* distribution.

#### b. Class Action Fairness Act of 2005 Notice Requirement

Parties assert that MagnaChip will comply with the notice requirement of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b) "by providing notice of this proposed Settlement to the appropriate federal and state officials within ten (10) days of the date the Settlement is submitted to the Court." ECF No. 185 at 27.

However, MagnaChip's notice alone does not satisfy the statute. CAFA requires "*each defendant* that is participating in the proposed settlement" to provide notice to the appropriate federal and state officials. 28 U.S.C. § 1715(b) (2005) (emphasis added).

#### c. Deadline for Opting Out or Objecting

The parties' proposed schedule sets the deadline to opt out or object to the settlement at 35

days before the final approval hearing, or only 55 days after the initial notice is sent. The Court concludes that any period shorter than 60 days is too short a time to allow class members to properly respond.

### d. Non-disclosure of Supplemental Agreement

Finally, the Court cannot approve the settlement because the parties have declined to provide a copy of the "Supplemental Agreement" that, as described above, allows Magnachip to terminate the settlement if a sufficient number of class members opt out of the settlement. Needless to say, the supplemental power to terminate an agreed-upon settlement after it has been approved and notice has begun is a significant element of the parties' agreement. While the existence of this kind of provision standing alone does not necessarily render the settlement unfair or unreasonable, it should not surprise the parties to learn that the Court must examine all the terms of the parties' settlement agreement – including the Supplemental Agreement – before it can grant preliminary approval.

## IV. CONCLUSION

For the foregoing reasons, the motion for preliminary approval of the proposed settlement is denied without prejudice. A renewed motion for preliminary approval of the proposed settlement may be filed within thirty days of the date this order is filed.

**IT IS SO ORDERED.**

Dated: April 7, 2016

JON S. TIGAR
United States District Judge