# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

Keith Thomas, et al., )
) Case Number: 3:14-cv-01160-JST
)
) STIPULATED ORDER RE: DISCOVERY
) OF ELECTRONICALLY STORED
Plaintiff(s), ) INFORMATION FOR STANDARD
) LITIGATION
vs. )
)
Magnachip Semiconductor Corp., et al., )
)
Defendant(s). )
)

### 1. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

### 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

### 3. LIAISON

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4. PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. The parties agree to preserve all relevant documents.

**5. SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

**6. PRODUCTION FORMATS**

The parties agree to produce documents in ☐ PDF, ☒TIFF, ☒native and/or ☐paper file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

**7. PHASING**

The Parties agree that any rolling production shall commence on the date the response is due under Fed. R. Civ. P. 34. The Parties shall use reasonable efforts to substantially complete document production within forty-five (45) days thereafter, and such production shall be substantially completed no later than ninety (90) days thereafter.

**8. DOCUMENTS PROTECTED FROM DISCOVERY**

a) Pursuant to Fed. R. Evid. 502(b), the inadvertent production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.

b) Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

**9. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

1 | Dated:                    /s/ Joshua B. Silverman
2 |                                           Counsel for Plaintiff
3 | Dated:                    /s/ John C. Murphy
4 |                                           Counsel for Defendant Avenue Capital Management II

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: April 13, 2016

UNITED STATES DISTRICT JUDGE