UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS, et al.,<br><br>  Plaintiffs,<br><br> v.<br><br>MAGNACHIP SEMICONDUCTOR CORP., et al.,<br><br>  Defendants. | Case No. 14-cv-01160-JST<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING MOTION TO SEAL**<br><br>Re: ECF No. 221, 220 |

Before the Court is Plaintiffs' unopposed motion renewing the parties' request for preliminary approval of a class action settlement. ECF No. 221. In connection with this motion, the parties have also filed a motion to file under seal a confidential supplemental agreement. ECF No. 220. The Court will grant both motions.

## I. BACKGROUND

### A. The Parties and Claims

Plaintiffs bring this federal securities class action against MagnaChip Semiconductor, Inc. ("MagnaChip"), "several of its current and former senior executive officers and audit committee directors, underwriters, and Avenue Capital [Management II, L.P.], which was MagnaChip's majority and controlling shareholder," for violations of sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 and sections 11, 12(a)(2), and 15 of the Securities Act of 1933. ECF Nos. 185, 114.

Lead Plaintiff Keith Thomas ("Thomas") brings these claims on behalf of "all persons other than defendants who purchased or otherwise acquired MagnaChip securities between February 1, 2012 and February 12, 2014 (the "Class Period"), including purchasers of MagnaChip common stock pursuant to and/or traceable to the Registration Statement and Prospectus issued in connection with MagnaChip's February 6, 2013 follow-on public stock offering . . ." ECF No.

114 ¶ 1.

Plaintiffs allege that "Defendants violated the federal securities laws by (a) issuing materially false and misleading statements regarding [MagnaChip]'s business, prospects, operations and financial results; (b) failing to disclose the inadequacy of its internal controls and procedures over financial reporting; and (c) engaging in a wide-ranging scheme to materially inflate [MagnaChip]'s reported results." ECF No. 114 ¶ 2.

### B. Procedural History

Plaintiff Richard Hayes filed the initial complaint in this action. ECF No. 1. The Court later entered an order appointing plaintiff Keith Thomas as Lead Plaintiff, Pomerantz LLP as Lead Plaintiff's Counsel, and Glancy Prongay & Murray LLP as Liason Counsel. ECF No. 32.

On June 26, 2015, Plaintiffs filed the operative Third Amended Complaint ("TAC"). ECF No. 114. Five sets of Defendants filed a motion to dismiss Plaintiffs' TAC. ECF Nos. 121, 123, 126, 130, 155. On December 11, 2015, the parties informed the Court that they had reached a settlement with respect to all claims raised against all Defendants except for Avenue Capital, ECF No. 174, and confirmed this in a telephonic case management conference on January 22, 2016, ECF No. 182. The Court issued an order granting in part and denying in part the five Motions to Dismiss on March 7, 2016. ECF No. 196.

On February 5, 2016, Plaintiffs filed a Motion for Preliminary Approval of Partial Class Action Settlement, which involved a proposed settlement between all plaintiffs and all defendants with the exception of Avenue Capital. ECF No. 185. The Court denied that motion without prejudice in an April 7, 2016 order, identifying four deficiencies in the proposed settlement. ECF No. 212. The parties have now filed a second Motion for Preliminary Approval of Partial Class Action Settlement, which identifies the changes the parties have made to account for these four deficiencies. ECF No. 221. In addition, they have filed a Motion to File Under Seal a confidential supplemental agreement to the proposed settlement. The substantive aspects of the settlement remain unchanged, and are summarized below as laid out in Plaintiffs' previous motion for preliminary approval.

### C. Settlement Agreement

Following Defendants' motions to dismiss, Plaintiffs and Defendants who are parties to the proposed settlement participated in two full-day mediations on September 23, 2015 and November 7, 2015.  ECF No. 185 at 11.  Though the parties failed to reach an agreement, the discussions prompted Lead Plaintiff to consider the risks that, "even if Lead Plaintiff were to prevail at trial, any recovery could be rendered 'judgment proof.'"  Id. at 12.

The settlement discussed herein involves all Plaintiffs and Defendants MagnaChip, Sang Park ("Park"), Tae Young Hwang ("Hwang"), Margaret Sakai ("Sakai"), R. Douglas Norby ("Norby"), Ilbok Lee ("Lee"), Nader Tavakoli ("Tavakoli"), Randal Klein ("Klein"), and Michael Elkins ("Elkins") (collectively "Settling Defendants").  Id. at 13.  In addition, the settlement will also release all claims against Defendants Barclays Capital Inc., Deutsche Bank Securities Inc., Citigroup Global Markets Inc., UBS Securities LLC, and Needham & Company, LLC ("Underwriter Defendants"), although no value was assigned to those claims and those Defendants have not contributed to the agreement.  Id. at 12.

As part of the settlement agreement, MagnaChip has agreed to pay $23,500,000.00 ("Settlement Amount") into a Qualified Settlement Fund on the date on which the settlement is finally approved.  Id. at 13.  This Settlement Amount represents 15 percent of Thomas's likely recovery at trial if he was to prevail.  Id.

The following amounts will be subtracted from the Settlement Amount: (1) the costs of settlement and notice administration, which are estimated to total $300,000.00; (2) class counsel's attorney's fees, which will not exceed 25 percent of the Settlement Amount; (3) attorney's expenses, which will not exceed $235,000.00 (4) a payment to Thomas of $1,500.00; (5) other unspecified fees and expenses authorized by the Court; and (6) taxes and tax expenses.  ECF No. 185, 184-2.

After subtracting these amounts, any remaining funds (the "Settlement Class Settlement Proceeds") will be distributed to the class, which Thomas defines as follows:

> "all Persons who purchased or otherwise acquired MagnaChip Securities between February 1, 2012 and February 12, 2015 (the 'Settlement Class Period'), including purchasers of MagnaChip common stock pursuant and/or traceable to the Registration

Statement and Prospectus issued in connection with MagnaChip's February 6, 2013 follow-on public stock offering.  Excluded from the Settlement Class are Defendants, MagnaChip's officers and directors during the Settlement Class Period, and all such excluded Persons' immediate families, legal representatives, heirs, parents, wholly-owned subsidiaries, successors, and assigns.  Also excluded from the Settlement Class are those Persons who file valid and timely requests for exclusion in accordance with the Court's Order Preliminarily approving Partial Settlement and Providing for Notice . . ."

ECF No. 184 at 12.

Class members who submit timely claims will receive payments on a pro rata basis based on the date(s) class members purchased and sold MagnaChip shares as well as the total number and amount of claims filed.  ECF No. 184 at 21-24.  To calculate the amount that will be paid to each class member, the Claims Administrator will determine each claim's share of the Settlement Class Settlement Proceeds based upon the claim's recognized loss.  Id.

Recognized loss will be determined for each MagnaChip share purchased or otherwise acquired during the Settlement Class Period.  The calculation of recognized loss will depend upon several factors: (1) when the MagnaChip shares were purchased or otherwise acquired during the Settlement Class Period; (2) the number of shares; (3) whether the shares were sold; and (4) if sold, when they were sold and for what amounts.  ECF No. 184-2 at 8.  The recognized loss calculation is not an estimate of individual settlement awards, but the basis upon which the Settlement Class Settlement Fund will be proportionately allocated to the claimants.  Id. at 9.  The settlement represents an amount of $0.59[1] per share after deductions of attorneys' fees and other expenses, and $0.81 per share without deductions, calculated based on all 28,918,000 shares outstanding as of the end of the Settlement Class Period.  Id. at 3.  The actual individual settlement payments will depend on how many claims are filed.  Id.  No distribution will be made to claimants who would otherwise receive a distribution of less than $10.00.  Id. at 15.

Within fourteen calendar days of preliminary approval, the Claims Administrator will begin distributing notice of the settlement by mail, publication, and the Internet.  ECF No. 185 at 28.  The proposed Notice of Pendency and Proposed Partial Settlement of Class Action and the Proof of Claim and Release (collectively "Notice Packet") will be sent by mail to "all record

---

[1] Though prior filings indicated the settlement represented $0.22 per share prior to deductions, Plaintiffs filed a Notice of Errata indicating the correct number is $0.59.  ECF No. 228.

holders of MagnaChip common stock who fall within the definition of the Settlement Class and whose names and last known addresses or similar contact information can be identified through MagnaChip's stock transfer records to the extent available." Id. at 25. The Claims Administrator will also mail copies of the Notice Packet to "entities which commonly hold securities in 'street name' as nominees for the benefit of their customers who are the beneficial purchasers of the securities." Id. at 25-26. Within 21 days of preliminary approval, the parties will publish the Summary Notice of Pendency and Proposed Settlement of Class Action ("Summary Notice") in Investor's Business Daily and once on GlobeNewswire. Id. at 26, 28. Thomas's Counsel will also make copies of the Notice Packet available for download on the website created for the Settlement, www.strategicclaims.net/MagnaChip. Id. at 26.

The proposed Notice explains the terms of the settlement, and how to receive a Settlement Payment, object, or opt out. ECF No. 184-2 at 4. The Notice also explains how a class member can challenge any decision made by the Claims Administrator regarding their Proof of Claim. ECF No. 184-2. Class members will be able to cash their check within six months, during which time the Claims Administrator will make reasonable and diligent efforts to have Settlement Class Members cash their distribution checks. ECF No. 184 at 26. If any funds remain in the Qualified Settlement Fund six months after the initial distribution of such funds, the Claims Administrator will re-distribute the remaining Proceeds to Settlement Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution. Id. at 26.

In addition to a cash settlement, MagnaChip has agreed to "produce to Lead Plaintiff's Counsel copies of the documents MagnaChip has produced to the SEC along with English translations of those documents in MagnaChip's possession. MagnaChip will also use its best efforts to obtain from the Settling Defendants, to the extent necessary, consents to the disclosure to Lead Plaintiff's Counsel of any documents that are produced to the SEC in the future by the Settling Defendants, or that are responsive to reasonable document demands served by Lead Plaintiff's Counsel in the future, to the extent that disclosure of such documents would not comply with the Korean Personal Information Protection Act . . . absent such consent." ECF No. 184 at 16. MagnaChip's production of these documents "will facilitate the ongoing litigation against

Avenue Capital. The translation of these documents alone will save the Settlement Class significant costs." ECF No. 185 at 12.

As part of the settlement, Thomas has agreed to release all claims

"*including both known claims and Unknown Claims*, whether arising under federal, state, common or foreign law or regulation, *that arise out of or relate in any way to the purchase or sale of MagnaChip Securities during the Settlement Class Period and the acts, facts, statements, or omissions that were or could have been alleged or asserted by Plaintiffs or any member of the Settlement Class in the Action or in any other action in any court or forum*, except that the following are expressly excluded from the definition of Released Claims: (i) all claims asserted in the Derivative Actions; (ii) all claims asserted against Avenue Capital in the Action; (iii) all claims brought or that might be brought against MagnaChip or any of the Defendants by the SEC, whether or not they arise out of or relate in any way to the purchase or sale of MagnaChip Securities during the Settlement Class Period; (iv) all claims of any Person who submits a request for exclusion from the Settlement, to the extent that the Court grants any such request; and (v) all claims to enforce any of the terms of this Stipulation."

ECF No. 184 at 11 (emphasis added).

For the purposes of the settlement, "Unknown Claims" means:

"(i) any claims that the Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, the decision not to object to the Settlement, provided such claim arises out of or relates to the purchase or sale of MagnaChip Securities; and (ii) any Settling Defendant's Claims that any Settling Defendant does not know or expect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Settling Parties shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived and by operation of the Order and Final Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United Sates, or principle of common law that is similar, comparable, or equivalent to Cal. Civ. Code § 1542 . . .

Id. at 14-15 (emphasis in original).

The released claims will be released with respect to "(i) MagnaChip, Park, Hwang, Sakai, Norby, Lee, Tavakoli, Klein, Elkins, non-defendant Brian Mulhern, and the Underwriter Defendants; (ii) each of [their] respective present and former parents, subsidiaries, divisions, departments, and affiliates (and the predecessors, successors, administrators and assigns of each of

the foregoing); and (iii) each of the respective stockholders, officers, directors, employees, agents and any of their advisors, counsel, underwriters, representatives of the foregoing in (i) and (ii) in their capacities as such." Id.

As noted, the settlement releases all claims against the Underwriter Defendants "without any contribution from them." ECF No. 185 at 12. "The 1933 Securities Act claims had a very high risk of dismissal, including on statute of limitations grounds. Moreover, the Underwriter Defendants had indemnification agreements from MagnaChip, which would only compound the risks related to the Company's financial situation. Given the risks of these claims, Lead Plaintiff assigned no value to them in the course of the settlement negotiations." Id. "Similarly, all claims against Avenue Capital's designees to the MagnaChip's Board are being dismissed." Id. "The Settlement also calls for entry of a Bar Order which protects MagnaChip from any cross-litigation by non-settling defendant Avenue Capital, while entitling Avenue Capital to a reduction of any judgment entered against it equal to the greater of (i) the Settlement Amount; or (ii) the Released Persons' proportionate share of the fault." ECF No. 185 at 12.

MagnaChip reserves the right to terminate the settlement agreement "[i]f, prior to the Settlement Hearing, Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion ('Requests for Exclusion') from the Settlement Class . . . and such Persons in the aggregate purchased MagnaChip Securities during the Settlement Class Period in an amount greater than the amounts specified in a separate Supplemental Agreement between the Settling Parties (the 'Supplemental Agreement')." ECF No. 184 at 35.

## II.   LEGAL STANDARD

The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions. Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992). The settlement of a certified class action must be fair, adequate, and reasonable. Fed. R. Civ. P. 23(e)(2). But, where the "parties reach a settlement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003). In these situations, settlement approval

"requires a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)." Dennis v. Kellog Co., 697 F.3d 858, 864 (9th Cir. 2012) (citation and internal quotation marks omitted).

### III. DISCUSSION

#### A. Class Certification

A district court may certify a class action under Federal Rule of Civil Procedure 23 if the parties seeking certification satisfy the four requirements identified in Rule 23(a) as well as one of the three subdivisions of Rule 23(b). Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997). When determining whether to certify a class for settlement purposes, a court must pay "heightened" attention to the requirements of Rule 23. Id. at 620. Indeed, "[s]uch attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold." Id. (citations omitted).

As discussed in the Court's April 7, 2016 order, Plaintiffs have demonstrated that certification of the putative class for settlement purposes is appropriate under Rule 23. ECF No. 212 at 8-11.

#### B. Fairness of the Settlement

In examining a pre-certification agreement, a district court "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 947 (9th Cir. 2011). "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." Hanlon, 150 F.3d at 1026 (citation omitted). A court may not delete, modify or substitute certain provisions" of the settlement; rather "[t]he settlement must stand or fall in its entirety." Id.

Preliminary approval of a settlement and notice to the proposed class is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives

8

or segments of the class, and falls within the range of possible approval." In re Tableware Antitrust Litig., 484 F. Supp. 1078, 1079 (N.D. Cal. 2007) (citation omitted).

In its prior April 7, 2016 order, the Court concluded that the proposed settlement amount of $23,500,000 is fair and reasonable. ECF No. 212 at 12. However, it identified four deficiencies in the proposed settlement that required the parties' request for preliminary approval to be denied. The Court now addresses these four deficiencies, and the steps taken by the parties to remedy them. It concludes that the parties have sufficiently addressed all deficiencies, and therefore that the proposed settlement should be preliminarily approved.

### 1. *Cy Pres* Distribution of Unclaimed Funds

The prior proposed settlement provided, as noted above, that if any proceeds remain in the settlement fund after the initial distribution to class members, the remaining funds would be re-distributed to those members who have cashed their checks and would receive at least $10.00 from the redistribution. If, after the re-distribution, funds still remain, the settlement provided for a *cy pres* contribution to "non-sectarian, non-profit Section 501(c)(3) organization selected by Lead Plaintiff's Counsel, in consultation with MagnaChip's Counsel." ECF No. 184 at 26. The Court's April 7, 2016 order noted that the prior proposed *cy pres* distribution could not be approved because it did not identify a particular recipient, and therefore, the distribution did not "bear[] a substantial nexus to the interests of the class members." ECF No. 212 at 13. (quoting Lane v. Facebook, Inc., 696 F.3d 811, 821 (9th Cir. 2012)).

The parties have now stipulated that Bay Area Legal Aid and the Institute of Law and Economic Policy ("ILEP") shall be the *cy pres* recipients of the remaining funds, in equal amounts. ECF No. 221 at 5. They state that ILEP has "sponsored symposiums at which leading academics, in service to the law field, have presented papers" that in turn "have been published in law reviews and cited in leading securities class actions decisions by the U.S. Supreme Court." Id. The Court concludes that these distributions bear a substantial nexus to the interests of the class members and considers this deficiency to be properly addressed. See In re Paracelsus Corp. Sec. Litig., No. CIV.A. H-96-3464, 2007 WL 433281, at *2 (S.D. Tex. Feb. 6, 2007) (approving *cy pres* distribution to ILEP); In re Celera Corp. Sec. Litig., No. 5:10-CV-02604-EJD, 2015 WL

1    7351449, at *4 (N.D. Cal. Nov. 20, 2015) (approving settlement with *cy pres* distribution to Bay
2    Area Legal Aid).

### 2. Class Action Fairness Act of 2005 Notice Requirement

Next, the Court's April 7, 2016 Order noted that the settlement did not comply with the notice requirements of the Class Action Fairness Act of 2005 ("CAFA"), which requires each defendant participating in a proposed settlement to provide notice to appropriate federal and state officials. ECF No. 212 at 13. The parties had previously asserted that only Magnachip would provide notice. Id. In their present motion, they now notify the Court that the remaining defendants have complied with CAFA's notice requirements. ECF No. 221 at 6. The Court considers this deficiency to be properly addressed.

### 3. Deadline for Opting Out or Objecting

The previous proposed schedule set a deadline for class members to opt out or object to the settlement at 35 days before the approval hearing, or 55 days after the initial notices are sent. The Court held that any period shorter than 60 days is too short to allow class members to properly respond to the notice. ECF No. 212 at 13. The parties have proposed a modified schedule that, as detailed below, provides class members more than 60 days to respond to the initial notice. ECF No. 221 at 4. Accordingly, this deficiency has been properly addressed.

### 4. Non-disclosure of Supplemental Agreement

Lastly, the Court noted that the settlement could not be approved because the parties declined to provide a copy of a supplemental agreement that allowed Magnachip to terminate the settlement if a sufficient number of class members opted out. ECF No. 212 at 14. However, "the Court must examine all the terms of the parties' settlement agreement – including the Supplemental Agreement – before it can grant preliminary approval." Id.

The parties have filed a Motion to File Under Seal the Confidential Supplemental Agreement containing the provisions that allow Magnachip to terminate the settlement.

#### a. Motion to Seal

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79–5; and (2) rebut "a strong presumption in favor of access" that applies to all documents

1    other than grand jury transcripts or pre-indictment warrant materials.  Kamakana v. City and
2    County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotation marks
3    omitted).
4         With respect to the first prong, Local Rule 79–5 requires, as a threshold, a request that (1)
5    establishes that the document, or portions thereof, are privileged, protectable as a trade secret or
6    otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only
7    of sealable material." Civil L.R. 79–5(b). An administrative motion to seal must also fulfill the
8    requirements of Civil Local Rule 79–5(d). "Reference to a stipulation or protective order that
9    allows a party to designate certain documents as confidential is not sufficient to establish that a
10   document, or portions thereof, are sealable." Civil L.R. 79–5(d)(1)(A).
11        With respect to the second prong, the showing required for overcoming the strong
12   presumption of access depends on the type of motion to which the document is attached. "[A]
13   'compelling reasons' standard applies to most judicial records.  This standard derives from the
14   common law right 'to inspect and copy public records and documents, including judicial records
15   and documents.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) (quoting
16   Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 n.7 (1978)).  To overcome this strong
17   presumption, the party seeking to seal a judicial record must "articulate compelling reasons
18   supported by specific factual findings that outweigh the general history of access and the public
19   policies favoring disclosure." Kamakana, 447 F.3d at 1178–79 (internal citations omitted).
20        On the other hand, records attached to motions that are only "tangentially related to the
21   merits of a case" are not subject to the strong presumption of access. Ctr. for Auto Safety v.
22   Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016).  Instead, a party need only make a
23   showing under the good cause standard of Rule 26(c) to justify the sealing of the materials. Id. at
24   1097.  A court may, for good cause, keep documents confidential "to protect a party or person
25   from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P.
26   26(c).
27        Here, the parties seek to file under seal a confidential supplemental agreement as part of a
28   class action settlement for which they seek preliminary approval. Preliminary approval of a

11

settlement is an issue more than tangentially related to the merits of the case, and therefore the "compelling reasons" standard applies. Kiersey v. eBay, Inc, No. 12-CV-01200-JST, 2013 WL 5609318, at *2 (N.D. Cal. Oct. 11, 2013) ("[A] motion seeking the Court's preliminary approval of the settlement of the case may be effectively dispositive.").

"'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Kamakana, 447 F.3d at 1179 (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). The Nixon court also noted that the "common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing." 435 U.S. at 598.

The parties' Motion to File Under Seal contends that the conditions under which Magnachip may terminate the settlement, in particular the threshold number of opt-out exclusions by class members, must remain confidential in order "to avoid enabling one or more stockholders to use this knowledge to insist on a higher payout for themselves on threat of breaking up the Settlement." ECF No. 220 at 2. They explain further that "disclosure of the opt-out threshold would run the risk of allowing manipulation and solicitation of opt-outs by third parties seeking leverage to negotiate special treatment, an outcome that is undesirable to all Parties in this Action."

The Court agrees. There are compelling reasons to keep this information confidential, in order to prevent third parties from utilizing it for the improper purpose of obstructing the settlement and obtaining higher payouts. The parties cite to several other courts that have reached a similar conclusion. ECF No. 220 at 4-5 (citing to In re Online DVD-Rental Antitrust Litig., 779 F.3d 934, 948 (9th Cir. 2015) and other cases). Accordingly, the Motion to File Under Seal is granted.

        **b.**    **Fairness of Supplemental Agreement**

The next task, upon granting the Motion to File Under Seal, is to review the fairness of the

Confidential Supplemental Agreement. As noted in its April 7, 2016 order, the existence alone of a provision allowing Magnachip to terminate the settlement does not render the settlement unfair. Having reviewed the supplemental agreement under seal, the Court concludes that the termination provision is fair and reasonable.

## CONCLUSION

The Motion to File Under Seal is granted. The Motion for Preliminary Approval of Partial Class Action Settlement is also granted. Accordingly, the Court orders as follows:

1. The following class is certified for settlement purposes only pursuant to Federal Rule of Civil Procedure 23:

> All Persons who purchased or otherwise acquired MagnaChip Securities between February 1, 2012 and February 12, 2015 (the 'Settlement Class Period'), including purchasers of MagnaChip common stock pursuant and/or traceable to the Registration Statement and Prospectus issued in connection with MagnaChip's February 6, 2013 follow-on public stock offering. Excluded from the Settlement Class are Defendants, MagnaChip's officers and directors during the Settlement Class Period, and all such excluded Persons' immediate families, legal representatives, heirs, parents, wholly-owned subsidiaries, successors, and assigns.

2. Lead Plaintiff Keith Thomas and named plaintiffs Richard Hayes and Herb Smith are appointed as class representatives, and Thomas's counsel is appointed as class counsel.

3. The proposed settlement agreement, as set out in ECF No. 184 and with modifications identified in ECF No. 221, is preliminarily approved.

4. Strategic Claims Services is appointed as Claims Administrator.

5. The proposed class notice and summary notice, ECF No. 184-2, 184-3 are approved. The notice procedure, as set forth in Plaintiffs' prior Motion for Preliminary Approval, ECF No. 185 at 25-26, is also approved, as summarized below:

- The Notice shall be "disseminated to all record holders of MagnaChip common stock who fall within the definition of the Settlement Class and whose names and last known addresses or similar contact information can be identified through MagnaChip's stock transfer records to the extent available."
- Copies of the Notice will be mailed "to entities which commonly hold securities in 'street name' as nominees for the benefit of their customers who are the beneficial

purchasers of the securities."

- The Summary Notice will be "published in *Investor's Business Daily* and transmitted once over the *GlobeNewswire*."
- Copies of the Notice and Proof of Claim will be "available for download via the website created for the Settlement."

6. The parties shall follow the following schedule:

| Event | Deadline |
|---|---|
| Notice mailed to potential Settlement Class Members and published on a national business newswire | 14 calendar days after the date of this order |
| Summary Notice published | 21 calendar days after the date of this order |
| Deadline for Motion for Final Approval, Attorneys' Fees and Expense Award, and Award to Lead Plaintiff | 35 calendar days before the Final Approval Hearing |
| Objection deadline | 21 calendar days before the Final Approval Hearing |
| Opt-out Deadline | 21 calendar days before the Final Approval Hearing |
| Deadline for Response to Objections and Reply in Support of Final Approval | 14 calendar days before the Final Approval Hearing |
| Deadline for Claims Administrator's declaration of compliance with settlement agreement | 14 calendar days before the Final Approval Hearing |
| Fairness Hearing | November 21, 2016 at 2:00 p.m. |
| Deadline to file Proofs of Claims | 30 calendar days after entry of Final Approval Hearing |

IT IS SO ORDERED.

Dated: July 18, 2016



JON S. TIGAR
United States District Judge

14