UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HAYES, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>MAGNACHIP SEMICONDUCTOR CORP., et al.,<br><br>   Defendants. | Case No. 14-cv-01160-JST<br><br>**ORDER GRANTING MOTION TO STRIKE**<br><br>Re: ECF No. 294 |

Before the Court is Defendant Avenue Capital Management II, L.P.'s ("Avenue Capital") motion to strike Plaintiffs' second motion for class certification and for attorneys' fees and expenses. ECF No. 294 at 1. For the reasons below, the Court will grant the motion.

## I.   BACKGROUND

On April 13, 2016, the Court conducted a case management conference in this case. ECF No. 223. At the conference, the Court set a schedule for the briefing and hearing of a class certification motion, for discovery, and for trial. Id. Plaintiffs moved for class certification on July 8, 2016, the deadline for that motion. In their motion, Plaintiffs sought a class period from February 1, 2012 to February 12, 2015. ECF No. 231 at 2. On December 22, 2016, the Court granted Plaintiffs' motion for class certification, but limited the class period to February 1, 2012 through March 11, 2014. ECF No. 286.

Plaintiffs did not file a request for leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9. Instead, on January 5, 2017, Plaintiffs filed a second motion for class certification for purchasers of MagnaChip stock between March 12, 2014 and February 12, 2015. ECF No. 289. This was precisely the period of time the Court eliminated from the class period in its December 22 order. On January 18, 2017, Avenue Capital moved to strike Plaintiffs' second

class certification motion. ECF No. 294.

## II. ANALYSIS

Under Federal Rule of Civil Procedure 12(f), a "court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Rule 12(f) gives the Court broad powers to "protect[] the due and orderly administration of justice and [] maintain[] the authority and dignity of the court." Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980). This includes the power to control the Court's docket by "striking pleadings in whole or in part." Rule 37(b)(2)(A)(iii).

Here, Plaintiffs' second motion for class certification does not comply with the Court's order, which set a deadline for the filing of a class certification motion and did not contemplate successive class certification motions. The Court's power to strike motions as untimely under Rule 12(f) is well established in the law. E.g., SAGE Electrochromics Inc. v. View Inc., No. C-12-06441 JST (DMR), 2014 WL 1998049, at *4 (N.D. Cal. May 15, 2014) (striking "invalidity contentions" as untimely under the court's scheduling order); see also ECF No. 294 at 7-8 (citing cases).

Plaintiffs argue correctly that a second motion for class certification is not always inappropriate. Federal Rule of Civil Procedure 23(c)(1)(C), for example, provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment." But Plaintiffs cite no authority supporting the theory that Rule 23(c)(1)(C) allows Plaintiffs to file a second class certification motion just because they received an unfavorable ruling on their first one. See Daniel F. v. Blue Shield of California, No. C 09-2037 PJH, 2015 WL 3866212, at *3 (N.D. Cal. June 22, 2015) ("Rule 23(c)(1)(C) does not reference motions to alter or amend class certification orders, and it is not a separate mechanism by which a party can seek reconsideration of a prior order relating to class certification."). Rather, Rule 23(c)(1)(C) applies where "subsequent developments" warrant revisiting a class certification decision. Friend v. Hertz Corp., No. C-07-5222 MMC, 2014 WL 4415988, at *2 (N.D. Cal. Sept. 8, 2014) ("In the absence of subsequent developments warranting a revision, . . . the Court ordinarily has little reason to revisit the issue of the propriety of its original [class certification] determination.").

In this case, aside from the Court's December 22 order granting class certification, there

are no "subsequent developments" that justify Plaintiffs' second motion for class certification. As Plaintiffs admit in their opposition brief, their pending motion contains no new arguments and relies on no new evidence. ECF No. 295 at 5 ("Plaintiffs' motion to certify a second class is brought in response to, and to address issues raised but not resolved in, the Court's December 22, 2016 Order."); id. at 4 ("Plaintiffs' motion addresse[s] evidence already in the record, and d[oes] not attach any additional expert reports or affidavits."); id. at 7 ("Plaintiffs' Motion to Certify a Second Class raises no new evidence, and consequently requires no additional discovery."). Moreover, Plaintiffs have failed to identify a case where the court's ruling on one motion qualifies as a subsequent development justifying the filing of a second. The one case Plaintiffs cite on this point, Santomenno v. Transamerica Life Ins. Co., 316 F.R.D. 295 (C.D. Cal. 2016), is distinguishable. There, the district court considered the plaintiffs' second class certification motion only after the parties stipulated that such a brief could be filed. Id. at 301. Clearly, no such stipulation exists here. In sum, Rule 23(c)(1)(C) cannot validate the filing of Plaintiffs' second class certification motion.

## CONCLUSION

The Court grants Avenue Capital's motion to strike. Avenue Capital's request for an award of its attorneys' fees incurred in filing this motion is denied.

IT IS SO ORDERED.

Dated: February 8, 2017

_____
JON S. TIGAR
United States District Judge