UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEITH THOMAS, et al.,

       Plaintiffs,

  v.

MAGNACHIP SEMICONDUCTOR CORP., et al.,

       Defendants.

Case No. 14-cv-01160-JST

**ORDER DENYING RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Re: ECF No. 331

Before the Court is Plaintiffs' unopposed renewed motion for preliminary approval of a class action settlement with Defendant Avenue Capital Management II, L.P. ECF No. 331. The Court denied Plaintiffs' original motion for preliminary approval "based on an inability to determine whether the settlement is adequate" and because there was no "indication that the parties actually complied with their obligations to notify the appropriate federal and state officials" under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. ECF No. 330 at 9-12.

Plaintiffs' renewed motion presents evidence that Avenue Capital sent the required CAFA notice on October 25, 2017. ECF No. 331-1. CAFA requires that "each defendant that is participating in the proposed settlement" serve notice "[n]ot later than 10 days after a proposed settlement of a class action is filed in court." 28 U.S.C. § 1715(b). Although Avenue Capital's notice was late, it is sufficient as long as the relevant state and federal officials have at least ninety days to review the proposed settlement. Jakosalem v. Air Serv. Corp., No. 13-cv-05944-SI, 2015 U.S. Dist. LEXIS 117235, at *2-3 (N.D. Cal. Sept. 2, 2015). The Court has not ordered preliminary approval, and it will not order final approval, if at all, until after at least ninety days have passed from October 25, 2017. Accordingly, the proof of CAFA notice attached to Plaintiffs' renewed motion is sufficient.

United States District Court
Northern District of California

However, Plaintiffs still fail to satisfy the Court's concerns about the adequacy of the settlement. "To evaluate adequacy, courts primarily consider the plaintiffs' expected recovery balanced against the value of the settlement offer." ECF No. 330 at 9 (citing In re Tableware Antitrust Litig., 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007)). In their original motion, "Plaintiffs state[d] only that the Second Settlement 'represents a substantial portion of the Class's likely recovery at trial,' without giving a percentage figure," and did "not even attempt[] to provide 'hypothetical scenarios' that could produce various expected recoverable damages to measure against the proposed settlement amount." Id. at 9-10 (citations omitted). In Plaintiffs' renewed motion, counsel repeatedly state what they "believe" to be a reasonable expected recovery at trial, ECF No. 331 at 6-7, but provide no declaration or other evidence in support of those beliefs, even though counsel apparently consulted with expert witnesses before reaching their conclusions. Id. at 7. Without such evidence, the Court continues to lack a sufficient basis for evaluating whether the amount offered in settlement is adequate.

Accordingly, Plaintiffs' renewed motion for preliminary approval of class action settlement is denied. A renewed motion for preliminary approval is due by December 22, 2017.

**IT IS SO ORDERED.**

Dated: November 16, 2017

_____
JON S. TIGAR
United States District Judge