UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MAGNACHIP SEMICONDUCTOR CORP., et al., <br><br> Defendants. | Case No. 14-cv-01160-JST <br><br> **ORDER GRANTING SECOND RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> Re: ECF No. 335 |

Before the Court is Plaintiffs' unopposed second renewed motion for preliminary approval of a class action settlement with Defendant Avenue Capital Management II, L.P. ECF No. 335. The Court denied Plaintiffs' original motion for preliminary approval "based on an inability to determine whether the settlement is adequate, and based on the apparent failure to comply with CAFA's notice requirements." ECF No. 330 at 12. The Court found that the record otherwise supported preliminary approval. Id. at 9-12. The Court also approved the proposed notice and allocation plans. Id. at 12-14.

Plaintiffs filed a renewed motion to address the Court's two identified concerns. ECF No. 331. The Court determined that Plaintiffs presented adequate proof of CAFA notice but still failed to present "a sufficient basis for evaluating whether the amount offered in settlement is adequate." ECF No. 332 at 1-2.

Plaintiffs' second renewed motion cures this deficiency. They submitted an expert declaration valuing class damages at $158.4 million, and a declaration from class counsel estimating that a jury would likely apportion 25% to 35% liability to Avenue Capital based on its role in the alleged fraud. ECF Nos. 335-2 & 335-3. The Court finds this evidence sufficient to establish that a reasonably likely recovery at trial would be $39.6 to $55.44 million. The proposed

$6.2 million settlement amounts to 11.2 to 15.7 percent of what the class would likely recover if it were to prevail at trial. This is within the range of reasonableness. See, e.g., ECF No. 270 at 9 (approving settlement with other Defendants where settlement amount was "14 percent of Plaintiffs' maximum estimate[d] damages, assuming the Settling Defendants are 50 percent liable").[1]

The Court therefore grants Plaintiffs' second renewed motion for preliminary approval of the class action settlement. The Court will separately file a modified version of the parties' proposed order preliminarily approving the settlement and providing for class notice. ECF No. 335-1.

The parties request a final approval hearing no sooner than 95 days after entry of the order granting preliminary approval. ECF No. 321 at 22. The Court sets the final approval hearing for May 10, 2018, at 2:00 p.m.

**IT IS SO ORDERED.**

Dated: January 22, 2018

JON S. TIGAR
United States District Judge

---

[1] In support of their motion seeking approval of the earlier settlement, Plaintiffs cited to "Cornerstone Research, Securities Class Action Settlements, 2015 Review and Analysis (2016)." ECF No. 251 at 20. The updated version of that report indicates that the median settlement for class actions with an estimated damages range of $125-249 million was 2.7% for 2006-2015 and 3.4% in 2016. Cornerstone Research, Securities Class Action Settlements: 2016 Review and Analysis (2017), https://www.cornerstone.com/Publications/Reports/Securities-Class-Action-Settlements-2016-Review-and-Analysis, at 8. For estimated damages in the $50-124 million range, the median settlement was 4.5% for 2006-2015 and 5.8% in 2016. Id. For estimated damages less than $50 million, the median settlement was 10.8% for 2006-2015 and 7.3% in 2016. Id. These figures support the reasonableness of the settlement in this case.

2