UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS, et al., Plaintiffs, v. MAGNACHIP SEMICONDUCTOR CORP., et al., Defendants. | Case No. 14-cv-01160-JST<br><br>**ORDER GRANTING FINAL APPROVAL AND MOTION FOR ATTORNEYS' FEES**<br><br>Re: ECF Nos. 340, 341 |

Before the Court are Plaintiffs' unopposed motions for final approval of the class action settlement with Defendant Avenue Capital Management II, L.P., ECF No. 340, and for attorneys' fees, costs, and incentive awards to the named class representatives, ECF No. 341. The Court held a final fairness hearing on May 10, 2018, and will now grant both motions.

## I. BACKGROUND

This class action alleges violations of federal securities laws by MagnaChip Semiconductor, Inc.; MagnaChip's majority and controlling shareholder, Avenue Capital Management II, L.P.; and several individual defendants. The Court approved Plaintiffs' class settlement ("First Settlement") with all Defendants except Avenue Capital on November 21, 2016. ECF No. 270. Plaintiffs continued to litigate their case against Avenue Capital, including bringing a successful motion for class certification. The Court certified the following class on December 22, 2016:

> all persons who purchased or otherwise acquired MagnaChip Semiconductor Corporation ("MagnaChip" or the "Company") common stock between February 1, 2012 and March 11, 2014 (the "Class Period"), inclusive. Excluded from the Class are any parties who are or have been Defendants in this litigation, the present and former officers and directors of MagnaChip and any subsidiary thereof, members of their immediate families and their legal

representatives, heirs, successors or assigns and any entity in which any current or former Defendant has or had a controlling interest.

ECF No. 286 at 2, 17. The Court appointed "Keith Thomas and Herb Smith as class representatives, and Pomerantz, LLP and the Rosen Law Firm, P.A. as class counsel." *Id.* at 17.

Following two full-day mediation sessions and facilitated settlement negotiations over the course of a year, Plaintiffs and Avenue Capital reached a settlement ("Second Settlement"). ECF No. 342 ¶¶ 31-32. The Court preliminarily approved the Second Settlement on January 22, 2018. ECF Nos. 338-39. The settlement provides for a common fund of $6.2 million, including: payouts to class members; taxes and tax expenses; notice and claims administration costs; attorneys' fees and expenses; and incentive awards to the class representatives. ECF No. 322-1 at 13. Class members were to be given notice and an opportunity to file a claim. *Id.* at 55-79. However, class members who submitted claims as part of the First Settlement would not be required to submit another claim to receive a distribution under the Second Settlement. *Id.* at 17. Class payouts will be based on the time frame during which class members purchased or sold shares of MagnaChip stock, as well as on the number of shares purchased or sold. *Id.* at 59-63.

The required notice to federal and state attorneys general under the Class Action Fairness Act, 28 U.S.C. § 1715(b), was sent on October 25, 2017. ECF No. 331-1. This notice occurred more than ninety days before the date of this order, as required by 28 U.S.C. § 1715(d).

## II. FINAL APPROVAL OF CLASS ACTION SETTLEMENT

"The claims, issues, or defenses of a certified class may be settled . . . only with the court's approval." Fed. R. Civ. P. 23(e). "Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998). In addition, Rule 23(e) "requires the district court to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable." *Id.* at 1026. To assess a settlement proposal, the district court must balance a number of factors:

> (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

2

*Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). There is no governmental participant in this case, so the Court need not consider that factor.

### A. Adequacy of Notice

A court must "direct notice [of a proposed class settlement] in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "[T]he class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice . . . ." *Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982).

The Court approved the parties' proposed notice procedures when it granted preliminary approval. ECF No. 330 at 12-13. Strategic Claims Services, the claims administrator, timely mailed over 45,000 notices to class members. ECF No. 342-1 at 5. It also emailed notices to class members who provided email addresses in connection with the First Settlement, updated the settlement website with information relating to the Second Settlement, and published notice on two newswires. *Id.* at 5-6. These procedures provided class members with adequate notice.

### B. Fairness, Adequacy, and Reasonableness

The Court analyzed the necessary factors, except for the reaction of class members, when it found the settlement to be fair, adequate, and reasonable at the preliminary approval stage. ECF No. 330 at 9-12 (finding most factors weighing in favor of approval but concluding that the Court lacked sufficient evidence on the adequacy of the settlement amount); ECF No. 338 at 1-2 (evaluating supplemental evidence and concluding that the amount offered in settlement weighed in favor of approval). The Court has also reviewed the supplemental declaration regarding the costs of claims administration and finds the estimated $109,875.78 to be reasonable. ECF No. 346 at 1-2.

The reaction of the class was overwhelmingly positive. No class members objected, and only one class member submitted a request for exclusion. ECF No. 342-1 at 6; 344-1 at 2-3. That exclusion request did not include the information required by the Court's order granting preliminary approval, and the claims administrator was unable to obtain the required information after following up with the requestor. ECF No. 342-1 at 6. The Court therefore grants Plaintiffs'

3

request to reject the exclusion request as invalid, thus leaving the settlement without any exclusions or objections. "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) (quotation marks and citation omitted); *see also Churchill Vill.*, 361 F.3d at 577 (affirming approval of settlement that received 45 objections (.05%) and 500 opt-outs (.56%) out of 90,000 class members).

After reviewing all of the required factors, including the reaction of the class, the Court continues to find the settlement fair, reasonable, and adequate. Plaintiffs' motion for final approval of the settlement is granted.

### III. ATTORNEYS' FEES AND COSTS

#### A. Attorneys' Fees

"Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method" to determine the reasonableness of attorneys' fees. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). "Because the benefit to the class is easily quantified in common-fund settlements," the Ninth Circuit permits district courts "to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar." *Id.* "Applying this calculation method, courts [in the Ninth Circuit] typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure." *Id.* (quoting *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)). The benchmark should be adjusted when the percentage recovery would be "either too small or too large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers*, 904 F.2d at 1311. When considering whether to depart from the 25% benchmark, courts consider a number of factors, including whether class counsel "'achieved exceptional results for the class,' whether the case was risky for class counsel, whether counsel's performance 'generated benefits beyond the cash settlement fund,' the market rate for the particular field of law (in some circumstances), the

4

burdens class counsel experienced while litigating the case (e.g., cost, duration, foregoing other work), and whether the case was handled on a contingency basis." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir. 2015) (quoting *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002) (internal quotation marks omitted)). The "most critical factor" in determining appropriate attorneys' fee awards "is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

Class counsel request the 25% benchmark award, and the Court agrees that no special circumstances justify an upward or downward adjustment. A comparison to the lodestar confirms the reasonableness of this award. *See Vizcaino*, 290 F.3d at 1050 (noting that a lodestar comparison "provides a check on the reasonableness of the percentage award"). Class counsel's joint declaration estimates the lodestar at $2,187,704.25, which is less than the requested attorneys' fee award and results in a multiplier of 0.71. ECF No. 342 ¶ 71. This is well within the range of reasonableness. *Vizcaino*, 290 F.3d at 1051 n.6 (finding a range of 0.6 to 19.6 in a survey of 24 cases, with 83% in the range of 1.0 to 4.0 and 54% in the 1.5 to 3.0 range, and citing *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 341 (3d Cir. 1998) ("[M]ultiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied." (quoting 3 Newberg § 14.03 at 14-15))).

Although counsel did not submit detailed billing records or any support for their claimed hourly rates, they did submit tables summarizing the amount of work each timekeeper performed at different stages of this litigation. ECF No. 342-4 at 4; ECF No. 342-5 at 4. The Court finds the submitted information to be sufficient for purposes of performing a lodestar cross-check, particularly when the resulting multiplier is so low. Even if counsel's claimed lodestar were inflated by 100%, for example, the resulting multiplier would still be 1.42, which would be well within the range of reasonableness.

The Court awards 25% of the common fund, or $1,550,000, in attorneys' fees.

**B.     Costs**

Class counsel submitted a detailed list of expenses totaling $795,401.42. ECF No. 342 ¶ 71; ECF No. 342-4 at 5-8; ECF No. 342-5 at 5-14. Over 87% of these expenses are attributable

5

to expert costs. ECF No. 342 ¶ 73. Other expenses include court fees, online research fees, postage and copying, travel costs, electronic discovery expenses, deposition costs, mediation charges, and travel costs. "[C]ourts throughout the Ninth Circuit regularly award litigation costs and expenses – including photocopying, printing, postage, court costs, research on online databases, experts and consultants, and reasonable travel expenses – in securities class actions, as attorneys routinely bill private clients for such expenses in non-contingent litigation." *Destefano v. Zynga, Inc.*, No. 12-CV-04007-JSC, 2016 WL 537946, at *22 (N.D. Cal. Feb. 11, 2016).

Although the claimed costs are high, they are less than the $1.1 million maximum identified in the class notice. ECF 322-1 at 56. The Court has reviewed the detailed breakdown submitted by counsel and finds the claimed costs to be reasonable. Prior to reaching a settlement, the parties engaged in extensive discovery, including multiple depositions in another country, and the nature of this case required significant use of experts. In addition, no class member objected to the request for costs. Class counsel's request for $795,401.42 in expenses is granted.

## IV. INCENTIVE AWARDS

Finally, Plaintiffs request incentive awards of $1,500 each to named class representatives Thomas and Smith. Incentive awards "are discretionary, and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009) (citation omitted). Courts evaluate incentive awards individually, "using relevant factors including the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, the amount of time and effort the plaintiff expended in pursuing the litigation and reasonable fears of workplace retaliation." *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) (citation, internal quotation marks, and alterations omitted). Indeed, "courts must be vigilant in scrutinizing all incentive awards to determine whether they destroy the adequacy of the class representatives." *Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157, 1164 (9th Cir. 2013). An award of $5,000 is "presumptively reasonable." *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 335 (N.D. Cal. 2014).

In this case, Thomas and Smith "each met with counsel to prepare for a deposition and sat for a deposition, produced documents in response to Avenue Capital's discovery requests, communicated with counsel about the Action and helped evaluate settlement proposals." ECF No. 341 at 24. These contributions warrant incentive awards. The requested $1,500 awards are below the presumptively reasonable $5,000. They are also below the maximum $2,000 awards described in the class notice, and no class member objected to those potentially higher awards. ECF 322-1 at 56. The request for $1,500 incentive awards to each named class representative is granted.

## CONCLUSION

The Court grants final approval of the proposed settlement and also grants Plaintiff's motion for attorneys' fees, costs, and incentive awards. The Court will separately enter a modified version of the parties' proposed judgment.

**IT IS SO ORDERED.**

Dated: May 15, 2018

_____
JON S. TIGAR
United States District Judge